## UNITED STATES v. MILANO.

(District Court, D. Connecticut. May 13, 1926.)

**Intoxicating liquors ☞248—Search warrant held not justified by affiant's statements that five-gallon cans were unloaded and that strong odor of alcohol emanated from garage.**

Allegations in affidavit of officer, supporting search warrant, that he saw a commercial car drive up to garage and saw unloaded therefrom several five-gallon cans which appeared to contain alcohol and that a very strong odor of alcohol emanated from garage, without stating facts justifying conclusion that alcohol was fit for beverage purposes, *held* not to justify issuance of warrant.

Criminal proceeding by the United States against George Milano. On motion to vacate search warrant. Motion granted.

John A. Danaher, Asst. U. S. Atty., of Hartford, Conn.

John M. Chapnick, of New Haven, Conn., for defendant.

THOMAS, District Judge. After all of the decisions involving search warrants that have been written, it would seem that there can be no misunderstanding as to the law upon the questions presented by this motion. The real trouble here is to apply the law to the allegations set forth in the affidavit of the officer upon the strength of which the commissioner issued the search warrant.

The following is the affidavit of the officer:

"My belief is based upon the following facts, viz.: That, after complaints had been made against said premises as to liquor law violations, I, on the evening of January 18, 1926, together with Agent Hinman, visited in the vicinity thereof, for the purpose of investigating said liquor law violations, and while there saw a commercial car drive up to said garage, and saw it being unloaded therefrom and placed into said garage, several five-gallon cans, which appeared to contain alcohol. Also on this day, while in the company of Agents Hinman, Raffile, and Holtz, again visited in the vicinity thereof, and looked into the window of said garage, and saw piled up a number of five-gallon cans which appeared to contain alcohol. We also received a very strong odor of alcohol which emanated from said garage, indicating that liquors are being stored therein for sale purposes."

Stripped of all the surplusage and immaterial allegations and conclusions of law and fact, the following is all that appears in that affidavit which is at all pertinent as the basis for the issuance of a search warrant:

"I * * * saw a commercial car drive up to said garage and saw it being unloaded * * * of several five-gallon cans. * * * We * * * received a very strong odor of alcohol which emanated from said garage."

Nothing appears from which the conclusion may be drawn that the odor was alcohol fit for beverage purposes. At any rate, these facts, when tested by the rules laid down in many decisions, and upon the authority of Siden v. United States, 9 F.(2d) 241 (C. C. A. 8th Circuit), in which many of them are cited, are insufficient, and it follows, therefore, that the prayer of the petitioner must be granted, and it is so ordered.