## UNITED STATES v. ROMA.

(District Court, D. Massachusetts. November 22, 1926.)

No. 7061.

Intoxicating liquors ⬾248—Search warrant, based on prohibition agent's affidavit of detecting odor of alcohol at garage entrance, held not based on probable cause (Espionage Act).

Search warrant, based on affidavit of prohibition agent to effect that he had detected odor of alcohol while standing in front entrance of garage, held not based on probable cause that intoxicating liquors fit for beverage purposes were unlawfully possessed therein as required by Espionage Act (40 Stat. 217), as condition precedent to issuance of search warrant.

Prosecution by the United States against Anthony Roma. On motion to quash search warrant and suppress evidence. Motion granted.

John V. Spalding, U. S. Atty., of Boston, Mass.

Abbott & Carroll, of Boston, Mass., for defendant.

BREWSTER, District Judge. Motion to quash search warrant and suppress evidence obtained as a result of search and seizure in a garage occupied by the defendant.

The sole question relates to the sufficiency of the affidavit of the prohibition agent, upon which affidavit the search warrant was issued. It was as follows:

"Hall on oath says that on July 17, 1926, he went to said premises, and, while standing at the front entrance of said garage, he detected a strong odor of alcohol coming therefrom; that he has been a federal prohibition agent for three and a half years and is familiar with the odor of alcohol."

The commissioner, in the exercise of his own judgment, determined that probable cause existed for the issuance of the warrant upon an affidavit which recited nothing more than that a federal prohibition agent of over three years' service was able by his sense of smell alone to say that alcohol fit for beverage purposes was contained in the garage which was searched. In view of the pronouncement of the Circuit Court of Appeals for this circuit in Gracie v. United States, 15 F.(2d) 644 (decided Nov. 5, 1926), the question would seem to be whether there was anything in the affidavit to warrant the commissioner in finding probable cause upon which to issue the warrant. In my opinion the search warrant ought not to have issued upon an affidavit which recites nothing more than that the agent stood at the entrance of the garage and detected the odor of alcohol, having no other grounds upon which to base a belief that intoxicating liquors fit for beverage purposes were unlawfully possessed in the garage.

I think the case is easily distinguished from those cases like Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, and other cases cited by the government, where the sense of smell was supplemented by what was revealed through affiant's sense of sight; nor do I think the case at bar is like those cases where probable cause was found in the ability of an agent to detect the distinctive and unmistakable odor of fermented mash. The weakness of Hall's affidavit lies in the fact that alcohol unfit for beverage purposes is frequently found in garages, and in the inability of one to determine by the sense of smell alone whether the alcohol was or was not fit for beverage purposes. In United States v. Milano (D. C. Conn. May 13, 1926) 17 F.(2d) 334, the court held insufficient an affidavit of an agent who detected a strong odor of alcohol and saw five-gallon cans unloaded from a commercial car at a garage. The court properly observed that nothing appeared warranting the conclusion that the odor came from alcohol fit for beverage purposes.

I am of the opinion that the facts revealed in the affidavit were too insignificant and too unreliable to warrant the legal conclusion of that probable cause which the Espionage Act (40 Stat. 217) requires as a condition precedent to the issuance of a search warrant.

Defendant's motion is allowed.