## UNITED STATES v. MANDEL et al.

(District Court, D. Massachusetts. January 13, 1927.)

No. 7234.

**1. Criminal law ⬅394—Evidence obtained by federal agents acting without authority is unlawfully obtained.**

Evidence obtained by federal agents acting without authority, in that warrant was invalid for failure of affidavit to show existence of probable cause, is evidence unlawfully obtained.

**2. Criminal law ⬅394—Generally evidence otherwise competent will not be excluded because unlawfully obtained.**

Generally evidence otherwise competent will not be excluded because it may have been obtained by unlawful means.

**3. Criminal law ⊝⇒394—Federal courts will inquire into legality of activities of government agents obtaining evidence.**

Where evidence results from activities of government agents, federal courts will inquire into legality of activities.

**4. Criminal law ⊝⇒393(1), 394—Evidence unlawfully obtained will not be excluded, unless compelling defendant to involuntarily furnish evidence in violation of Constitution (Const. Amends. 4, 5).**

Evidence obtained by unlawful means will not be excluded, unless its introduction will operate to compel defendant to involuntarily furnish evidence against himself in violation of Const. Amends. 4, 5.

**5. Criminal law ⊝⇒394—Employees of lessee held not entitled to suppression of evidence of operation of still, unlawfully obtained by federal officers (Const. Amend. 4).**

Employees of lessee of premises *held* not entitled, under Const. Amend. 4, to suppression of evidence relative to operation of still obtained by federal agents acting without authority, in that search warrant was invalid for failure of affidavit to show existence of probable cause.

**6. Searches and seizures ⊝⇒7(10)—Mere physical possession of incriminatory evidence does not entitle one to protection of Constitution (Const. Amend. 4).**

Mere physical custody of incriminatory evidence is not enough to entitle one to invoke protection of Const. Amend. 4, in that seizure thereof violates rights secured by such Amendment.

At Law. Anthony Mandel and others were indicted for the illegal possession and manufacturing of intoxicating liquors and for maintaining a common nuisance. On motion to suppress evidence. Motion denied, on condition government establish facts according to its offer of proof and without prejudice to defendants' rights to renew motion.

Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., and John V. Spalding and Clifford H. Byrnes, Asst. U. S. Attys., both of Boston, Mass., for the United States.

Daniel A. Shea, of Boston, Mass., for defendants.

BREWSTER, District Judge. The defendants in the above-entitled case have been indicted for the illegal possession and manufacture of intoxicating liquors and for maintaining a common nuisance. Before trial they filed a motion to suppress evidence which the government proposes to offer at the trial. This evidence will consist, in part, at least, of information gained by the federal agents as a result of search and seizure upon a search warrant, which, upon the authority of United States v. Roma, 17 F.(2d) 270 (decided in this court November 22, 1926), must be declared an invalid one, for the reason that the affidavit upon which it was issued did not show the existence of probable cause.

For the purposes of the motion only, the following facts may be taken as true: Federal agents secured a warrant to search certain premises situated in Chelsea, and with it they proceeded to a barn on said premises, and there discovered the defendants operating two 500-gallon stills. The officer seized a quantity of liquor, the stills, and other property designed for use in reclaiming denatured alcohol. The government offers to show that the defendants had no interest as lessees, or owners, in the premises searched or in the property seized, that they were employed to operate the stills by the lessee of the premises, and that the owner of the premises and the lessee were persons not named as defendants. It is not suggested that the officers made any unlawful search of the persons of the defendants.

[1] The exhibits and the information which the government proposes to offer to prove the guilt of these defendants, and which defendants now move to suppress, is the evidence obtained by federal agents acting without authority, and must therefore be declared to be evidence unlawfully obtained. Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 65 L. Ed. 319.

The government contends notwithstanding that the evidence should be admitted, because the agents in obtaining it did not invade any constitutional rights secured to these defendants.

[2] It is an old and familiar rule that evidence otherwise competent will not be excluded, because it may have been obtained by unlawful means. Bishop Atterbury's Trial, 16 How. St. Tr. 495; Com. v. Dana, 2 Metc. (Mass.) 329; Com. v. Tibbetts, 157 Mass. 519, 32 N. E. 910; People v. Adams, 176 N. Y. 351, 68 N. E. 636, 33 L. R. A. 406, 98 Am. St. Rep. 675. And there are many cases to be found in the books where the federal courts have recognized this rule. Stockwell v. U. S., Fed. Cas. No. 13,466, 3 Cliff, 284; Adams v. N. Y., 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575; Hartman v. U. S. (C. C. A.) 168 F. 30; Ripper v. U. S. (C. C. A.) 178 F. 24; Lyman v. U. S. (C. C. A.) 241 F. 945; Weeks v. U. S., supra.

[3] But it can no longer be doubted that, when the evidence results from the activities of those representing the government, the federal courts will not adhere to this ancient rule, but will inquire into the legality of those activities (Boyd v. U. S., supra; Weeks v. U. S., supra; Silverthorne Lumber Co. v. U. S., supra; Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; Byars v. U. S., 47 S. Ct. 248, 71 L. Ed. ——; Snyder v. U. S. [C. C. A.] 285 F. 1; Giles v. U. S. [C. C. A.] 284 F. 208), especially if the defendant seasonably moves to have the evidence excluded or suppressed (Weeks v. U. S., supra; Lyman v. U. S., supra; Lum Yan v. U. S. [C. C. A.] 193 F. 970; Youngblood v. U. S. [C. C. A.] 266 F. 795).

The same may be said of certain states whose constitutional provisions are similar to those of the United States. State v. Wills, 91 W. Va. 659, 114 S. E. 261, 24 A. L. R. 1398; Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; Youman v. Com., 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303.

Coming, then, to the defendants' motion, we have to consider whether the evidence which the government proposes to offer, obtained upon a technically invalid search warrant, comes within the exceptions to the general rule that the admissibility of evidence will not be affected by the manner in which it was secured.

At the outset I think it should be noted that the scope of the federal rule excluding evidence unlawfully obtained by federal agents does not go so far as to preclude the government in every case and under all circumstances from availing itself of benefits derived from the wrongdoing of its officers. It is possible to find in the opinions language which would indicate that knowledge gained by the government's own wrongdoing could not be used under any circumstances. But I am satisfied that the exceptions to the general rule admitting such evidence which have grown up in the federal courts are to be limited to such evidence as was obtained by federal agents in violation of rights secured to the defendant, and to the defendant only, by the Constitution of the United States.

It is the Fourth Amendment which protects the individual against unreasonable searches and seizures, and, whenever evidence is obtained by encroaching upon these rights, to offer it in evidence at the trial of the persons whose rights have been thus invaded is to compel the defendant to give evidence against himself, which comes within the inhibitions of the Fifth Amendment.

On the same principle that the constitutional guaranty against self-incriminations is violated by an extorted confession of guilt, so is it violated by the involuntary and forced yielding of private documents, papers, and information which has been gained by officers of the government acting without authority.

"His home is as sacred from illegal force as his person. When his home speaks, he speaks; they speak the same voice. The invaders of his home are barred from testifying, not only as to his forced confessions of guilt made by word of mouth, but also to such confessions made through the contents of his home and premises. The securities afforded by our Constitution against unreasonable search and seizure, and self-incrimination, are not to be given a narrow construction.  *  *  *  They are among the chief fundamentals of our system of government." Tucker v. State, supra.

In McGuire v. U. S., 47 S. Ct. 259, 71 L. Ed. ——, federal agents under valid search warrant seized a quantity of liquor which unlawfully and without right they proceeded to destroy, saving only samples for evidence. One of the questions certified to the Supreme Court by the Circuit Court of Appeals for the Second Circuit was this: "Was the admission in evidence of the samples of liquor unlawful?" The court held the samples admissible, and in the course of the opinion Mr. Justice Stone makes this observation:

"Even if the officers were liable as trespassers ab initio, which we do not decide, we are concerned here not with their liability but with the interest of the government in securing the benefit of the evidence seized, so far as may be possible without sacrifice of the immunities guaranteed by the Fourth and Fifth Amendments. A criminal prosecution is more than a game in which the government may be checkmated and the game lost merely because its officers have not played according to rule. The use by prosecuting officers of evidence illegally acquired by others does not necessarily violate the Constitution nor affect its admissibility."

[4] I think it can be taken as settled that the rule as applied in the federal court does not extend to evidence obtained by unlawful means, unless its introduction will operate to compel the defendant to involuntarily furnish evidence against himself, and that he is so compelled if the evidence is secured in violation of his rights to be secure in his per--

son, house, papers, and effects against unreasonable search and seizure.

We are not now concerned with the rights of the owner of the premises searched, or those of the owner of the property seized. It is only when the acts of the federal agents derogate from the rights of these defendants on trial that they may invoke the federal rule which excludes the evidence.

[5] We come now to the question whether the constitutional rights of these defendants have been invaded, so as to render inadmissible the information obtained by the federal agents. This inquiry involves a further consideration of the Fourth Amendment, in order to determine whether on the facts here presented there has been any encroachment upon the rights of these defendants. They were caught actually operating the still as employees of the lessee of the premises and owner of the still. Although the defendants had entered upon an illegal employment, they were on the premises as representatives of their employer, who claimed to own the property seized, and who was the lessee of the premises. They were so far in possession of the property that, if the evidence sought to be excluded is admissible, a jury would be warranted in finding the defendants guilty of illegal possession, as charged in the indictment. Does the protection of the Fourth Amendment extend to such employees so situated?

I am inclined to the opinion that the field of operation of the amendment ought not to be so extended. I am not unmindful of the admonition of Mr. Justice Bradley in the Boyd Case that "it is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." Boyd v. U. S., supra, at page 635 (6 S. Ct. 535).

And also I am aware of the recent pronouncement of the Supreme Court in Byars v. U. S., supra, to the effect that "constitutional provisions for the security of person and property are to be liberally construed."

But, in the light of all this, I fail to see wherein the rights of the defendants to be secure in their persons, their homes, or in their private effects have been impaired in the slightest degree. None of these defendants is compelled to be a witness against himself. See Haywood v. U. S. (C. C. A.) 268 F. 795; Wheeler v. U. S., 226 U. S. 478, 33 S. Ct. 158, 57 L. Ed. 309; Wilson v. U. S., 221 U. S. 361, 31 S. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558.

While my attention has not been called to

any case exactly in point, I think it is a fairly safe assertion that the authorities support the conclusion I have reached. Hester v. U. S., 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898; Agnello v. U. S., 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145; Chicco v. U. S. (C. C. A.) 284 F. 434; MacDaniel v. U. S. (C. C. A.) 294 F. 769; Remus v. U. S. (C. C. A.) 291 F. 501; A. Guckenheimer & Bros. Co. v. U. S. (C. C. A.) 3 F.(2d) 786; Goldberg v. U. S. (C. C. A.) 297 F. 98; U. S. v. 185 Cases Scotch Whisky (D. C.) 15 F. (2d) 563; Lewis v. U. S. (C. C. A.) 6 F. (2d) 222.

The cases above cited are all distinguishable on the facts from the case at bar, but there is to be found in many of them, stated in one way or another, the proposition that the protection of the amendment extends only to the owners of the premises searched and the property seized. Thus, in Chicco v. U. S., supra, we find this statement:

"Even conceding that a search of the * * * premises would have been illegal and violative, as against the owner or occupant thereof, of the constitutional inhibition against unlawful search and seizure, still, as was said in the Silverthorne Case (D. C.) 265 F. 857, the prohibition there contained (Fourth and Fifth Amends. U. S. Const.) is for the benefit of the person or individual whose rights have been invaded, and, if that be correct, the only person who could have invoked this protection was the owner of the property, the elder Chicco, and certainly not the person who had unlawfully and clandestinely occupied it as a cache for contraband liquor."

And again, in MacDaniel v. U. S., supra, at page 771, the court holds that an objection to evidence obtained on an illegal search and seizure "is available only to the person whose premises have been unlawfully searched and whose documents have been unlawfully seized."

The fact that the premises and property belong to persons not named in the indictment only strengthens the case for the government. See Canada et al. v. U. S. (C. C. A.) 5 F.(2d) 488; Remus v. U. S., supra.

[6] The defendants contend that, inasmuch as they were in charge of the operation of the stills, they were so far in possession of the property seized that the seizure violated their rights secured by the Fourth Amendment. But mere physical custody of incriminatory evidence is not enough to entitle one to invoke the protection of the amendment.

In Wilson v. U. S., supra, at page 380 (31 S. Ct. 544), Mr. Justice Hughes said:

"But the physical custody of incriminating documents does not of itself protect the custodian against their compulsory production. The question still remains with respect to the nature of the documents and the capacity in which they are held."

This motion has been argued and considered on the government's offer to prove the existence of the assumed facts, stated above. These facts are not admitted by the defendants. I will rule, therefore, that, if the government can establish the facts according to its offer of proof, the defendants' motion to suppress should be denied. This ruling is without prejudice to any rights of defendants to renew the motion at the trial, or earlier, if a hearing should be had hereon, for the purpose of receiving evidence respecting the facts which the government has offered to prove.