**UNITED STATES v. SHELTON et al.**

No. 11251.

District Court, E. D. Kentucky.

March 16, 1945.

Claude P. Stephens, U. S. Atty., and Erle McGuffey, Asst. U. S. Atty., both of Lexington, Ky., for plaintiff.

John Y. Brown, of Lexington, Ky., for defendants.

FORD, District Judge.

. This case is submitted upon motions of the defendants William M. Shelton, Anna Lee Shelton and Charley Findley Taylor to suppress certain evidence proposed to be used against them which was obtained by means of search of a passenger automobile in which the three named defendants and another, Robert V. Reams, were traveling the public highway leading from Middlesboro, Ky., to Corbin, Ky. A large quantity of unstamped liquor was found in the car. The ground of the motion is that the search was made by officers of the United States without a search warrant, without probable cause and in violation of the rights of the defendants under the Fourth Amendment of the Constitution.

Freedom from unreasonable search accorded by the Fourth Amendment is a personal right. Only those whose personal rights have been violated may resort to it for relief. As said in Holt v. United States, 6 Cir., 42 F.2d 103, 105, "one malefactor may not claim the right to escape by reason of the fact that the constitutional rights of another were violated." To successfully invoke the protection of the Fourth Amendment, it is essential that parties seeking such refuge show their right, title or interest in the property alleged to have been unlawfully searched or seized. Mere physical custody is not enough. One may have such custody of an automobile or other property as might warrant his conviction of using or aiding in the use of it for the unlawful possession, concealment or transportation of contraband goods and yet not have sufficient interest therein to entitle him to raise the question of its unlawful search or seizure. Holt v. United States, 6 Cir., supra, McDaniel v. United States, 6 Cir., 294 F..769, 771, United States v. Mandel, D.C., 17 F.2d 270, Kelley v. United States, 8 Cir., 61 F.2d 843, 86 A.L.R. 338.

The only proof introduced in support of the motions was the testimony of the two Government officers who made the search. The record is silent as to the property rights of the defendants in or to the automobile at the time it was searched. It appears from the testimony that Robert V. Reams was one of the occupants of the car. He is not a party to this case nor to the motions now presented, yet, for all that appears in the record, the automobile may have been owned by him and these moving

defendants may have been merely his guests. Failure to allege and prove facts showing that their rights in the property were infringed by the alleged unlawful search and seizure leaves the defendants in no position to invoke protection under the Fourth Amendment. For that reason, if for no other, upon the present showing, the defendants are not entitled to the relief sought. Connolly v. Medalie, 2 Cir., 58 F.2d 629.

But decision need not be left to rest upon that tenuous basis, for, since the attorneys for the Government as well as for the defendants apparently proceed upon the assumption that the automobile searched was the property of the defendant William M. Shelton, the Court, indulging the same assumption may appropriately consider the merits of the defendants' contention.

In Carroll v. United States, 267 U.S. 132, 149, 161, 45 S.Ct. 280, 283, 69 L.Ed. 543, 39 A.L.R. 790, the Supreme Court said:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens. * * *

"The officers were entitled to use their reasoning faculties upon all the facts of which they had previous knowledge in respect to the defendants."

The evidence is undisputed that at the time of the search the officers who stopped the car and made the search were well acquainted with the notorious record of the defendant William M. Shelton as a flagrant violator of the liquor laws. They had been informed that, since Shelton's return from the penitentiary to which he was sentenced for such violations, he had resumed his participation in illicit liquor traffic and was using the particular car here involved for that purpose. These facts taken in connection with the circumstances under which the officers, before the search, identified the automobile, observed its heavily loaded condition and

saw that it was occupied by Shelton, seem amply sufficient to bring this case within the doctrine of the Carroll case. The defendants' motions, considered upon their merits, should be overruled.

Let an order be entered accordingly.