**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Dayton MAYFIELD, Jr., Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellant.

Frank E. Haddad, Jr., Louisville, for appellee.

MILLIKEN, Judge.

This is an appeal by the Commonwealth to obtain a certification of the law. The trial court had suppressed evidence procured by the police when they searched the truck of the accused, Mayfield, after his arrest for a traffic violation and after taking him to police headquarters. The search admittedly was made in the absence of the accused, without his consent, and without a search warrant. The truck contained seven air conditioners which were plainly visible at the time of the arrest, but the subsequent search revealed the name of their manufacturer and their serial numbers which enabled the police, three days later, to establish that they had been stolen from the warehouse of a distributor. The truck was not registered in the name of the accused and the person in whose name it was registered could neither be found nor identified. Ultimately, the truck was sold for storage charges, and the accused was indicted for knowingly receiving stolen property. Shortly after his arrest for the traffic violation the accused signed a statement which is not in the record before us, but in which he apparently denied ownership of the truck or the air conditioners.

The Commonwealth contends that freedom from unreasonable search is a personal right under the Fourth Amendment and that the accused's constitutional right has not been violated in this case because he denied ownership of the truck or the air conditioners, citing United States v. Shelton, D.C., 59 F.Supp. 273; Ragland v. Commonwealth, 204 Ky. 598, 265 S.W. 15; Lakes v. Commonwealth, 200 Ky. 266, 254 S.W. 908.

We think it is clear enough in the case at bar that the accused, Mayfield, had control of the truck at the time of his arrest regardless of how he obtained it, and in Lane v. Commonwealth (1964), Ky., 386 S.W.2d 743, this Court reviewed the cases in which we had held that only the owner usually could complain about an illegal search of his property, but concluded that

where Lane had had control of the car, "even though he was not the owner, he was entitled to have the evidence obtained by reason of the search suppressed."

On the authority of the Lane case and Preston v. United States (1964), 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, we conclude that the search here was illegal and that the evidence thus obtained was properly suppressed, and the law is so certified.

The judgment is affirmed.

HILL, J., dissenting.