**Kelly NOBLE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1966.

**186**

———◆———

Rose & Short, Beattyville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Kelly Noble appeals from a judgment which convicted him of having alcoholic beverages in his possession for the purpose of sale in local option territory. KRS .242.230. The sole question presented is whether testimony relating to Noble's possession of alcoholic beverages was admissible. Noble contends that the evidence resulting in his conviction was obtained by an unreasonable search in violation of Section 10 of the Constitution of Kentucky.

Trooper Jesse O. Bach testified:

" * * * Myself and Deputy Hobbs were riding in the police cruiser, and we observed his truck sitting by the side of the public highway and Mr. Noble outside his truck, relieving himself. We checked on him and saw that he was drunk. We drove on past his truck for a little ways and turned and came back to where he had the truck. I asked him for his license. He had got back into the truck and when I asked him for his license he got out of the truck and when he opened the door of the truck to get out I could see this beer in the truck. One carton of the beer was open and I could see the beer in the cartons stacked in around the front of the truck. One of the 6-packs was open on the seat and the whiskey was stacked on the floor in the front of the truck and you could see what it was.

"Q. You say, Trooper Bach, that you observed this beer stacked in the front of the truck. You mean that it was visible there in the truck and you could observe it without any search of the truck?

"A. Yes, sir. It was night, but not too dark, and when he got out of the truck you could observe the beer and whiskey in his truck. * * *."

Noble was subsequently found not guilty of the drunkenness charge. Contrary to Noble's argument his acquittal of that charge does not determine the question of the admissibility of this evidence since the knowledge that Noble had liquor and beer in his truck did not arise pursuant to a search incident to arrest. The testimony of Trooper Bach shows that Noble's truck was already stopped and that the liquor and beer were in plain view.

The material facts of this case are not distinguishable from those in Ferrell v. Commonwealth, 204 Ky. 548, 264 S.W. 1078. In that case we said:

"Appellant now insists that the evidence obtained by the sheriffs against him was incompetent because the sheriffs had no warrant to search his automobile, and he insists that the search was unlawful for which reason the evidence thus obtained was incompetent against him. This case is very different from most cases where that contention is made. True, there was no search warrant, but none was necessary under the facts in

this case. If, however, appellant had not opened the door, the sheriff would not have been justified in searching the car without a warrant. But when appellant, Ferrell, opened the door as the deputy sheriff approached and inquired if he were a 'hijacker,' and thus exposed the kegs in the car, at the same time releasing the odors of liquor therein pent up, it was manifest that a public offense was being committed in the presence of the officers, and they and each of them had the right to arrest appellant and his companion for having in possession intoxicating liquors."

Also see Reynolds v. Commonwealth, Ky., 273 S.W.2d 569.

The contention that Bach made an unauthorized search of Noble's automobile is without merit.

The judgment is affirmed.