**COMMONWEALTH of Kentucky, Appellant,**

v.

**John Rodney JOHNSON et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 27, 1967.

Robert Matthews, Atty. Gen., Frankfort, David Murrell, Asst. Atty. Gen., for appellant.

No appearance for appellees.

MONTGOMERY, Judge.

The motion to suppress evidence and to dismiss an indictment was sustained. The indictment charged John Rodney Johnson, Tracey Cornell Levison, and Edsel Lightsy with storehouse breaking. KRS 433.150. The Commonwealth has appealed. No jury was impaneled.

Two questions are raised: Did the trial court err in sustaining a motion to suppress the evidence concerning several stolen television sets where the sets were plainly and openly visible to the police officers from the street prior to the arrest of defendants, and when the police officers had probable cause to believe that these sets were stolen prior to the arrest of defendants? and Did the trial court err by sustaining the motion to suppress evidence of stolen television sets when the sets were seized on stolen property?

About 9 a. m. on February 19, 1966, Officer Quigley of the Louisville Police Department received a message on the police radio to the effect that several television sets had been stolen from a T-V shop owned by William Martin in the 1200 block on East Oak Street in Louisville. Within two hours of the receipt of the call, Quigley and another officer received a police report concerning a U-Haul trailer parked on a lot in downtown Louisville. The report indicated the presence of television sets in the trailer. The officers

also received more definite descriptions of the stolen sets.

The officers watched the trailer while seated in their police car parked on the street. Levison and Lightsy were seen getting out of a car near the trailer, unlocking the trailer, and getting inside. From where the officers were, they could see several television sets in the trailer. When the two men emerged from the trailer, the officers approached them and asked if they had been in the trailer. The men denied that it was their trailer or that they had just been in it. The officers then placed both men and Johnson under arrest for knowingly receiving stolen goods. (Johnson had remained in the car which had been parked about two car lengths from the trailer; it was later learned that the trailer had been stolen.) The television sets were seized and their further identification was then made. Lightsy had a remote control unit for an Admiral television set in his pocket. It was identified by a dent and a cracked place as belonging to Martin.

The trial court was in error in suppressing the evidence. For discussion of the principles involved, see Foster v. Commonwealth, Ky., 415 S.W.2d 373; Lynn v. Commonwealth, Ky., 408 S.W.2d 639; Noble v. Commonwealth, Ky., 408 S.W. 2d 185; Taylor v. Commonwealth, Ky., 394 S.W.2d 895; and Clark v. Commonwealth, Ky., 388 S.W.2d 622. For discussion of the propriety of ruling on a motion to suppress evidence prior to trial, see Freeman v. Commonwealth, Ky., —— S.W. 2d ——.

■ In Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, it was held that one whose presence thereon is wrongful cannot invoke the privacy of the premises searched. See also Powell v. Commonwealth, Ky., 282 S.W.2d 340. Inasmuch as the trailer searched was stolen, appellees had no standing to question its search. Their right to privacy had not been violated. Cf. Commonwealth v. May-

field, Ky., 394 S.W.2d 914, citing .Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, in which a search was held unreasonable because it was too remote in time and place.

Judgment reversed for proceedings consistent herewith.

All concur.