**Michael Shane DRAKE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–CA–000809–MR.

Court of Appeals of Kentucky.

April 27, 2007.

For the reasons set forth herein, we affirm the holding of the Grayson Circuit Court.

Deputy Matt Durst and Sheriff David Simon approached Drake's trailer around 9:00 p.m., March 25, 2005, to serve him with civil papers. Because the front door did not have a porch, the officers walked to the rear of the residence. Both officers smelled the odor of ether and ammonia coming from around the deck and the back door of the trailer and observed a twenty-ounce HCL generator under the deck. They immediately associated the smell and generator with the manufacture of methamphetamine.

Simon remained at the trailer while Durst left to obtain a search warrant. A Grayson District Judge signed the warrant, and Durst returned and executed it. A series of methamphetamine related items were found in the search.[1] Tests confirmed that methamphetamine was present in the majority of the items seized.

Drake was subsequently indicted for manufacturing methamphetamine, possession of a controlled substance in the first degree, possession of drug paraphernalia, and for being a persistent felony offender in the second degree. He filed a motion to suppress the items seized from his trailer, alleging that the smell of ether and ammonia did not provide probable cause for issuance of the search warrant. After holding a hearing on the motion, the trial court held that there was in fact probable cause but that even if the affidavit did not provide probable cause, the good faith exception would apply and suppression would not be warranted.

Linda Roberts Horsman, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Michael L. Harned, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT, MOORE, and NICKELL, Judges.

## OPINION

LAMBERT, Judge.

Michael Shane Drake appeals from a denial of his motion to suppress evidence.

1. The following items were seized: pieces of tubing throughout house; blender containing powder residue; teaspoon of white powder on it with coffee filter; bottle of liquid fire; two liter of milky substance smelling of ether; three syringes; hollowed ink pen with white powder substance; several pills; mason jar of white substance; lithium batteries; bottle of empty capsules.

Drake subsequently entered a conditional guilty plea. As part of the plea agreement, the second-degree persistent felony offender charge was dismissed, and he reserved the right to appeal the denial of his motion to suppress. He now appeals.

In *Lovett v. Commonwealth,* 103 S.W.3d 72, 77 (Ky.2003), the Kentucky Supreme Court noted that in deciding whether probable cause exists, the issuing magistrate need only "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place" (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). Moreover, the magistrate's finding is to be paid great deference by the reviewing court. *See Ragland v. Commonwealth,* 191 S.W.3d 569 (Ky.2006). It is also well-settled in this Commonwealth that after a hearing on a defendant's suppression motion, the trial court's findings are deemed to be conclusive if supported by substantial evidence, *see, e.g., Talbott v. Commonwealth,* 968 S.W.2d 76 (Ky.1998); *Canler v. Commonwealth,* 870 S.W.2d 219 (Ky.1994), *citing Harper v. Commonwealth,* 694 S.W.2d 665 (Ky.1985) and *Crawford v. Commonwealth,* 824 S.W.2d 847 (Ky.1992), and the trial judge's findings of fact will only be overturned if clearly erroneous. *See, e.g., Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Roark v. Commonwealth,* 90 S.W.3d 24, 28 (Ky.2002). Finally, we must conduct a *de novo* review of the trial court's application of the law to those facts to determine whether its decision is correct as a matter of law. *See Commonwealth v. Neal,* 84 S.W.3d 920, 923 (Ky.App.2002).

We do not find the trial court's findings to be clearly erroneous. Quite the contrary, despite having not addressed this particular issue in Kentucky, many other jurisdictions have held that odor either alone or in conjunction with other facts and circumstances can provide sufficient probable cause. *See, e.g., People v. Gott,* 346 Ill.App.3d 236, 281 Ill.Dec. 279, 803 N.E.2d 900 (Ill.App.2004); *State v. Bowles,* 28 Kan.App.2d 488, 18 P.3d 250 (2001); *United States v. Jackson,* 199 F.Supp.2d 1081 (D.Kan.2002). Moreover, one of Drake's cited opinions weighs heavily against him. In *United States v. Tate,* 795 F.2d 1487 (9th Cir.1986), the Ninth Circuit overturned its previous opinion in *Tate* that held odor alone was not enough for probable cause by holding that the evidence should not have been suppressed since the officers had relied in good faith upon a defective search warrant. We find these cases persuasive and hold, in light of the totality of the circumstances, that the trial court's holding is conclusive and correct as a matter of law.

Accordingly, we affirm the judgment of the Grayson Circuit Court.

ALL CONCUR.