**Julie Michelle LYNN, Appellant.**

v.

**COMMONWEALTH of Kentucky.**

No. 2007–CA–001131–MR.

Court of Appeals of Kentucky.

June 20, 2008.

Bobby L. Amburgey, Lexington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Henry Flores, Assistant Attorney General, Frankfort, KY, for appellee.

Before: CAPERTON, LAMBERT, and THOMPSON, Judges.

## OPINION

THOMPSON, Judge.

Julie Michelle Lynn appeals from a judgment of the Fayette Circuit Court following her conditional guilty plea. Pursuant to her plea, Mrs. Lynn reserved the right to appeal the denial of her suppression motion. For the reasons stated herein, we affirm.

On September 9, 2006, Lexington–Fayette County Police Officer Michael Helsby responded to a call to investigate an emergency domestic dispute. After arriving at the scene, Helsby observed Mrs. Lynn sitting on the curb in front of Lieutenant Ken Armstrong's cruiser. Additionally, Officer Ricky Lynn, who was Mrs. Lynn's husband although they were separated, was standing across the street from where Mrs. Lynn was sitting. After exiting his cruiser, Helsby, along with Officer Grace Asher, began questioning Mrs. Lynn.

When Mrs. Lynn become belligerent and unresponsive to orders, she was placed in handcuffs and arrested for violating a domestic violence order and for fourth-degree assault. Having complained of shoulder pain, Mrs. Lynn was transported to the hospital for medical attention. After Mrs. Lynn had been transported, Officer Lynn advised the remaining officers at the scene that Mrs. Lynn had driven to his residence and parked their vehicle three houses down from where she was arrested. Officer Lynn further advised that he owned the vehicle and that it was registered in his name.

Officer Lynn further voiced concerns that narcotics might be in the vehicle based on his prior knowledge of his wife. Upon hearing these details, a canine unit was requested and, thereafter, a positive alert for drugs was made upon the vehicle. As a result of the positive alert, Helsby went to the hospital and retrieved the car keys to the subject vehicle. After turning over the keys and learning of the intention of police, Mrs. Lynn denied consent to search her vehicle. Subsequently, during the search of the vehicle, police found a rock of crack cocaine, straws, and a plate covered with white powder residue.

On November 21, 2006, a Fayette County grand jury indicted Mrs. Lynn for possession of a controlled substance, first-degree; assault, fourth-degree; violation of an EPO/DVO; and possession of drug paraphernalia, first offense. On January 4, 2007, Mrs. Lynn moved to suppress the evidence obtained from the search of her vehicle. Following a suppression hearing, the trial court denied her suppression motion.

The court ruled that the search was proper because it was conducted incident to a lawful arrest. The court further ruled that the search was valid under the automobile exception to the warrant requirement. Thereafter, Mrs. Lynn entered a conditional guilty plea to the amended charge of attempted criminal possession of a controlled substance in the first degree. She further pled guilty to the remaining charges listed in the indictment. In accordance with her plea agreement, she was sentenced to twelve months' imprisonment which was probated for a period of two years. This appeal followed.

■ On appellate review of a trial court's denial of a motion to suppress, we must apply the two-step process set out in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), and adopted by Kentucky in *Adcock v. Commonwealth*, 967 S.W.2d 6 (Ky.1998). First, we review the trial court's findings of fact under a clearly erroneous standard. *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky. 2004). Under this standard, the trial court's findings of fact will be deemed conclusive if they are supported by substantial evidence. *Drake v. Commonwealth*, 222 S.W.3d 254, 256 (Ky.App.2007).

■ We then conduct a *de novo* review of the trial court's application of the law to the established facts to determine whether its ruling was correct as a matter of law. *Id.* Under this standard, we afford no deference to the trial court's application of the law to the facts found. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky.App.1998). After reviewing the record, we conclude that the court's findings are supported by substantial evidence and are conclusive. Thus, our remaining task is focused solely upon whether the trial court properly applied the law to these facts.

■ The trial court ruled that the search of Mrs. Lynn's vehicle was valid because it was a search incident to her lawful arrest. Our Supreme Court has recognized that a warrantless search preceding or following an arrest does not violate the constitution so long as probable cause existed to make the arrest prior to the search. *Williams v. Commonwealth*, 147 S.W.3d 1, 8 (Ky.2004). Furthermore, in *Thornton v. United States*, 541 U.S. 615, 622–624, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), the court held that a warrantless automobile search could be conducted incident to an arrest when the arrestee was a "recent occupant" of the vehicle. However, although Mrs. Lynn contends that the trial court misapplied the law, we need not decide this issue because the search was valid because Officer Lynn consented to the search of the vehicle.

■ Generally, the Constitutions of the United States and Kentucky require that all searches be conducted pursuant to a search warrant supported by probable cause. *Combs v. Commonwealth*, 965 S.W.2d 161, 163 (Ky.1998). Despite this general rule, several exceptions to the warrant requirement have been carved out in recognition of the unique circumstances that often arise in search and seizure cases. *Cook v. Commonwealth*, 826 S.W.2d 329, 331 (Ky.1992). One such exception is that a proper consent terminates the need for a search warrant. *Commonwealth v. Jones*, 217 S.W.3d 190, 198 (Ky. 2006). Generally, the consenting party must share common authority over the premises to be searched. *Perkins v. Commonwealth*, 237 S.W.3d 215, 219 (Ky.App. 2007).

After applying the law to the facts of this case, despite her contention that the search of her vehicle was improper, Mrs. Lynn's constitutional rights were not violated when the vehicle was searched. The

vehicle was registered in the name of both Officer Lynn and Mrs. Lynn. They had a joint loan on the vehicle, and the vehicle had Officer Lynn's Fraternal Order of Police license plate. Thus, Officer Lynn, the consenting party, shared common authority over the searched object. Accordingly, Mrs. Lynn's constitutional rights were not violated because a valid consent permitted the warrantless search of the vehicle.

■ Finally, while we recognize that the trial court ruled and decided this motion on another ground, an appellate court may affirm the decision of a trial court for any reason sustainable under the record. *Brewick v. Brewick*, 121 S.W.3d 524, 527 (Ky.App.2003). From a review of the record, it is clear that a valid consent was provided to search the vehicle, and the search was conducted within the scope of the consent provided.

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.