NICKELL, JUDGE:
The Commonwealth of Kentucky appeals from an order of the Madison Circuit Court suppressing a lockbox and contents belonging to Steven Roden. The box was seized during a warrantless search of a stolen vehicle Roden was driving when stopped by police. It was opened during an inventory search of the entire vehicle prior to impoundment. Following review of the record, the briefs and the law, we reverse and remand for further proceedings.
On January 21, 2016, as Richmond Police Officer Casey Scott drove to work in an unmarked vehicle, he spotted a car reported as being stolen weeks earlier. Officer Scott ran the vehicle's plate to confirm its status, called for backup, and followed the vehicle onto a parking lot. Officer Scott believed the driver sensed he was being pursued because the car took evasive steps to avoid contact. The stolen car then stopped, the driver exited the vehicle, and began walking toward Officer Scott, prompting him to believe the driver intended to flee on foot.
Officer Scott exited his vehicle with his weapon drawn and told the driver-identified as Roden-to stop. Officer Josh Ernst arrived on scene about this same time. Officer Scott had no handcuffs, but Officer Ernst did, and cuffed Roden, placing him in custody. As Officer Ernst applied the cuffs, Roden reached down his left leg. Officer Scott grabbed Roden's hand and asked what he was trying to reach; Roden did not respond. Officer Scott told Roden he was going to conduct a safety patdown; a knife and cell phone were discovered. To protect himself from being stuck, Officer Scott asked Roden whether he had any contraband or needles on his person. Roden said he had nothing on him, but there were needles in a lockbox inside the car. Officer Scott asked no further questions.
Because the stolen car was being impounded, Officer Scott completed an inventory search of the vehicle. As part of that search, Officer Scott opened the lockbox with a key acquired from either Roden or a keyring, revealing syringes and drugs. Officer Scott determined the lockbox belonged to Roden. Roden was transported to the Richmond Police Department where he was read his Miranda[1] rights and interviewed. Roden was indicted on multiple drug offenses, one count of receiving stolen property over $10,000, and being a second-degree persistent felony offender.
On September 9, 2016, defense counsel moved the trial court to suppress all items seized during the stop and any oral statements made by Roden as a result of the stop. The motion alleged Roden had been questioned at the scene without benefit of a Miranda warning, he was in custody when questioned about whether the vehicle contained contraband, and Roden had been subjected to what amounted to a two-stage interview prohibited by Oregon v. Elstad, 470 U.S. 298, 300, 105 S.Ct. 1285, 1288, 84 L.Ed.2d 222 (1985).
The motion was heard October 25, 2016. Officer Scott, the sole witness, was called by the Commonwealth. Testifying to the above-stated facts, he said he did not recall whether he read Miranda rights to Roden at the scene, but he did at the police station. Defense counsel cross-examined Officer Scott, but offered no witnesses on Roden's behalf. At one point in the hearing, the Commonwealth asked Officer Scott whether he considered Roden's response about a lockbox inside the car containing syringes to be consent to search. The witness responded, "I guess." The trial court denied the motion to suppress, *637 finding a proper inventory search of the vehicle-including the lockbox-had occurred, and all statements-regardless of when made-were admissible. The trial court further found: Officer Scott's questions about the presence of contraband were purely for his protection; a needle can be a weapon; Roden's responses may have been outside the scope of the officer's questions; and, a person should be Mirandized as soon as possible after arrest or at least when handcuffed. Finally, the trial court found because the contents of the stolen car would have been subject to an inventory search, items contained within the lockbox would have been seized through inevitable discovery.
The next day, defense counsel filed a second motion to suppress. The motion contended when Roden was stopped, the Richmond Police Department had not adopted language specifying how officers are to handle closed containers during an inventory search as mandated by Florida v. Wells , 495 U.S. 1, 5, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990). Citing the noncompliant policy, defense counsel again moved the trial court to suppress the contents of the lockbox, and noticed the motion for a hearing. In response, the Commonwealth requested a hearing to offer "additional evidence" in light of Roden's no longer arguing a Miranda violation, but now attacking the trial court's finding of a proper inventory search.
A second suppression hearing was convened on November 29, 2016. Over defense objection, the Commonwealth was permitted to recall Officer Scott to testify his initial question to Roden was, "Do you have contraband on your person?" The Commonwealth then sought the opportunity to argue Roden gave consent for the search of the lockbox. Citing United States v. Patane , 542 U.S. 630, 631, 124 S.Ct. 2620, 2622, 159 L.Ed.2d 667 (2004), the prosecutor argued no Miranda violation had occurred and Roden had no expectation of privacy in the vehicle he was driving at the time of the stop because it was stolen.
Defense counsel introduced Richmond Police Department policies in effect both before and after Roden was stopped. Authenticity of the policies was stipulated. Defense counsel explained the policy in effect on January 21, 2016, the date Roden was stopped, said nothing about how officers were to handle closed containers during an inventory search-a violation of Wells . Not until March 2016, two months after Roden was stopped, did the Richmond Police Department revise its policy to authorize officers to open closed and locked containers during an inventory search.
After spirited debate, the trial court found officers are permitted to inventory vehicle contents prior to impoundment-not to collect evidence-but to protect the car's owner. As a result, the court denied the suppression motion again, specifically finding Wells was factually distinguishable and therefore, inapplicable. Defense counsel noted the trial court had reached a result opposite its own ruling in a prior case and was ignoring a clear violation of Wells .
The next day, the trial court called the case again to refine its prior ruling and clarify its statement of the law for the future. The trial court found by asking Roden whether he had any "contraband," it appeared Officer Scott was looking for evidence of a crime. The court went on to say, Miranda warnings do not apply to all custodial interrogations and may be excused when reasonably necessary for safety purposes. Thus, in potentially dangerous situations, officers may ask questions necessary to promote safety, but not to elicit testimonial evidence from the suspect.
*638 Regarding the search of the lockbox, the trial court stated in rereading Wells , it realized it had forgotten a critical point. Wells requires police departments to adopt a policy addressing the handling of closed containers during inventory searches. Because the Richmond Police Department did not have such a policy in place when Roden was stopped, the trial court overruled that portion of its prior order, suppressing the lockbox and all items contained within it. The Commonwealth now appeals. Following review of the record, the briefs and the law, we reverse and remand.
To challenge the warrantless search of the lockbox conducted by Officer Scott, Roden must establish he had standing, a burden requiring proof of two points: "a subjective expectation of privacy in the object of the challenged search" and "society is prepared to recognize that expectation as legitimate." United States v. Sangineto-Miranda , 859 F.2d 1501, 1510 (6th Cir. 1988) (citations omitted). Roden did not testify and offered no proof.
Roden was stopped while driving a vehicle reported as stolen and he never disputed the car was stolen. A person driving a stolen vehicle has no reasonable expectation of privacy entitling him to suppress anything found during a search of the stolen vehicle. See United States v. Lanford , 838 F.2d 1351 (5th Cir. 1988) ; United States v. Hensel , 672 F.2d 578, 579 (6th Cir. 1982) ; United States v. Hargrove , 647 F.2d 411, 412 (4th Cir. 1981) ; United States v. Cates , 641 F.Supp.2d 613, 615 (N.D. Tex. 2009) ; Commonwealth v. Johnson , 420 S.W.2d 103, 104 (Ky. App. 1967). In resolving the suppression motion, the trial court quickly mentioned standing at the first hearing, but ultimately failed to make a finding on this basic issue. Roden did not-and could not-make the required two-prong showing because the possessor of a stolen car has no legitimate expectation of privacy in a stolen vehicle. Id. Thus, the suppression motion should have been denied, as the trial court found at the first two hearings.
Roden theorizes he had standing to challenge the search of the lockbox because he owned it and, therefore, had a reasonable expectation of privacy in it. His theory is refuted by Hargrove, wherein Hargrove was driving a stolen vehicle with a paper bag behind the front seat containing three plastic bags of cocaine. Hargrove, just like Roden, made no attempt to show he owned the car, so he lacked standing to challenge the search of the vehicle. Just as Roden seeks to challenge the search of the lockbox, Hargrove tried to challenge the search of the paper bag, prompting the court to write:
[f]urthermore, we conclude that Hargrove had no legitimate expectation of privacy in the paper bag found behind the front seat of the car. One who can assert no legitimate claim to the car he was driving cannot reasonably assert an expectation of privacy in a bag found in that automobile. Whether a person has an expectation of privacy in a container that is searched is not determined by his subjective beliefs. His expectation must be objectively reasonable. A person who cannot assert a legitimate claim to a vehicle cannot reasonably expect that the vehicle is a private repository for his personal effects, whether or not they are enclosed in some sort of a container, such as a paper bag. See Rakas [v. Illinois ], 439 U.S. at 151-52, 99 S.Ct. at 423-24 (Powell, J., concurring); cf. United States v. Smith , 621 F.2d 483, 486-88 (2d Cir. 1980). Consequently, Hargrove lacked standing to challenge the search of the bag and the seizure of the cocaine it contained.
Hargrove , 647 F.2d at 412.
In light of our holding, we need not comment on the Commonwealth's alternative *639 argument-under Patane ; failure to give Roden a Miranda warning at the scene did not require suppression of items seized and statements made thereafter.
For the foregoing reasons, we reverse the order suppressing the lockbox and its contents and remand to the trial court for further proceedings consistent with this Opinion.
ALL CONCUR.

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).