RENDERED: JANUARY 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1417-MR

ALLEN LAMONT COOPER         APPELLANT

v.     APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE DIANE MINNIFIELD, JUDGE
ACTION NO. 22-CR-00887

COMMONWEALTH OF KENTUCKY       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND McNEILL, JUDGES.

COMBS, JUDGE: In this criminal case, Appellant, Allen Lamont Cooper, appeals from the trial court's Order denying his motion to suppress evidence recovered from the search of a vehicle. After our review, we affirm.

On October 10, 2022, a Fayette Grand Jury indicted Cooper and charged him with: Count I: Convicted Felon in Possession of a Handgun; Count 2: Trafficking in Controlled Substance First Degree First Offense Greater Than or Equal to Four Grams Cocaine; Count 3: Theft by Unlawful Taking or Disposition

Greater Than $10,000 But Less Than $1,000,000; Count 4: Theft by Unlawful Taking or Disposition Firearm; Count 5: Terroristic Threatening Third Degree; Count 6: Operation of Motor Vehicle Under the Influence of Alcohol First Offense (DUI); Count 7: Operating Vehicle with Expired Operator's License; Count 8: Possession of Open Alcohol Beverage Container in Motor Vehicle; and Count 9: Persistent Felony Offender First Degree (PFO).

On January 18, 2023, Cooper filed a motion to suppress evidence seized as the result of a vehicle search. On February 14, 2023, the trial court conducted a hearing on Cooper's motion. The Commonwealth called two witnesses -- Detective Monica Rozalski and Officer Donald Childers, both of the Lexington Police Department.

Detective Rozalski testified that she was assigned the case on July 29, 2022, and contacted by phone[1] Sharonda Cooper, the victim of the Appellant's act of terroristic threatening. Sharonda said that while she was making dinner, she and Cooper got into an argument; he had been drinking. They continued to argue. At one point Cooper said he was "done arguing," grabbed the car keys, and fled in Sharonda's vehicle. Later, Sharonda went to her brother's house because Cooper was sending threatening text messages. Sharonda related that Cooper was

---

[1] Sharonda Cooper was defendant's girlfriend. For clarity, we refer to her as Sharonda because she and the defendant coincidently have the same last name. They are not married.

threating to kill her or her family members because she had called the police; that he was going to shoot up her brother's house; and that he was not going to return the car, claiming to have sold it in Cincinnati. Cooper continued to call Sharonda throughout the night, still threatening her. Sharonda said she heard three shots fired. Shortly thereafter, dispatch received a call reporting gun shots within a couple of houses from Sharonda's brother's house.

According to Detective Rozalski, Sharonda had let Cooper use the car in the past, but this time she did not give him permission because he was intoxicated. Sharonda did report the vehicle stolen to Detective Rozalski. Sharonda also related that her 9mm gun was in the console. Based upon Sharonda's reporting the car and firearm stolen, Detective Rozalski filed for warrants for theft of the automobile and theft of the firearm. The detective explained that the report of the stolen car would have been entered into the database systems and that when officers ran the vehicle they would be alerted a firearm might be involved.

Officer Childers testified that while he was on patrol on July 30, 2022, in the area of Woodhill and New Circle Road, he saw the vehicle which he knew had been reported as stolen. Officer Childers activated his emergency lights to make a traffic stop on the vehicle. Cooper did not attempt to elude. Ultimately, he turned onto Merrick Drive, pulled over, and stopped. While behind the subject

-3-

vehicle and prior to stopping on Merrick Drive, Officer Childers ran the registration plates through NCIC,[2] which reported that it was a stolen vehicle and that the operator possibly was armed with a 9mm firearm. Also prior to stopping the vehicle, dispatch advised that the suspect was listed as Allen Lamont Cooper and that he was possibly armed.

Officer Childers testified that he ordered Cooper out of the vehicle. He was cooperative. Officer Baker, who had been following Officer Childers, placed Cooper in handcuffs. Cooper was taken behind Officer Baker's cruiser and *Mirandized*.[3] Nothing was found on Cooper when he was searched. Officer Childers testified that the fact nothing was found on Cooper's person gave them reason to believe that the firearm was still in the vehicle. Officer Childers was aware of Cooper's possibly having been involved in a domestic incident earlier. Officer Childers ran Cooper's information through NCIC and learned that Cooper had two outstanding warrants for his arrest.

Officer Steele arrived on the scene after the stop was made and conducted a DUI (driving under the influence) investigation after detecting an odor of alcohol on Cooper. Officer Steele advised Officer Childers that he was placing

---

[2] National Crime Information Center.

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Cooper under arrest for driving under the influence. At that point, Cooper was being charged with the two warrants and the DUI.

Officer Childers testified that they conducted a search of the vehicle incident to arrest and found a half-empty bottle of tequila in plain view in the passenger seat, two bags containing a white substance suspected of being cocaine, a 9mm handgun with a loaded magazine in the glove box, 23 unspent 9mm bullets, one spent 9mm casing, a digital scale, and $527.00.

According to Officer Childers, the search of the vehicle was conducted incident to the arrest for the DUI. The search was also undertaken for further evidence that Cooper was under the influence. Officer Childers did not have any information that Cooper previously had permission to use the vehicle. Officer Childers testified that the only knowledge he had was that it was a confirmed stolen vehicle.

Following closing statements, the trial court denied the motion to suppress, explaining as follows:

> Mr. Cooper, I am going to not suppress this evidence. I
> do believe it was a valid opportunity for the police to
> search the vehicle. One, it's not your car. Two, you
> know the person who owns the car indicated you had
> taken it without her permission, she reported it stolen, she
> indicated there was a gun in that vehicle. . . . But once
> you pulled over and [the officer] approached the vehicle
> and of course, they had information that the person who
> believed to be in possession of that vehicle was probably
> going to be armed because there is a gun that was

expected to be in that vehicle. So, they approached it with caution. But then, once you had gotten out, I think that he indicated Officer Steele was the one who smelled alcohol, which gives them probable cause at that point to do the necessary tests for DUI, driving under the influence. There was an open bottle of alcohol seen in the vehicle, and that in and of itself allows for a search incident to arrest. And within that vehicle, there was cocaine, there was the gun, there was scales, there was evidence of a furtherance of the DUI crime but additional evidence was found in furtherance of other crimes, and those can be, you know, obtained as well because of their initial exposure to that vehicle was legitimate and fair and met the exceptions for having the necessity of a warrant. . . . [A]nd the fact that it had been reported stolen by her does not require them to get consent from her to look at that vehicle so the county [sic] is going to overrule your motion to suppress the evidence and allow the evidence to move this case forward.

On February 17, 2023, the trial court entered its written Order denying Cooper's motion "for the reason stated on the record."

On August 30, 2023, Cooper entered a conditional guilty plea to being a convicted felon in possession of a handgun; first-degree possession of a controlled substance; unauthorized use of a motor vehicle;[4] DUI; terroristic

---

[4] As the Commonwealth explains at page 6, footnote 4 of its Appellee's brief, "[w]hile the case was pending, the victim backpedaled on her initial stolen-vehicle report and asked for Cooper to be released from jail. The Commonwealth amended the theft by unlawful taking to unauthorized use of a motor vehicle." (Citations in brief to record omitted.)

threatening; and second-degree PFO.[5]  Cooper was sentenced to ten years, probated for five.

He now appeals.

> On appellate review of a trial court's denial of a motion to suppress, we must apply the two-step process set out in *Ornelas v. U.S.*, 517 U.S. 690, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996), and adopted by Kentucky in *Adcock v. Commonwealth*, 967 S.W.2d 6 (Ky.1998). First, we review the trial court's findings of fact under a clearly erroneous standard.  *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky.2 004).  Under this standard, the trial court's findings of fact will be deemed conclusive if they are supported by substantial evidence. *Drake v. Commonwealth*, 222 S.W.3d 254, 256 (Ky. App. 2007).

> We then conduct a *de novo* review of the trial court's application of the law to the established facts to determine whether its ruling was correct as a matter of law.  *Id.*  Under this standard, we afford no deference to the trial court's application of the law to the facts found. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).

*Lynn v. Commonwealth*, 257 S.W.3d 596, 598 (Ky. App. 2008).

Cooper's first argues is that the trial court failed to make sufficient findings of fact and that it failed to clearly delineate between its findings of fact and conclusions of law.  We disagree.  We are satisfied from our review of the record that the trial court's findings of fact have a substantial evidentiary

---

[5] The guilty pleas to being a convicted felon in possession of a handgun and DUI were *Alford* pleas.  *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

foundation. Thus, they are conclusive. Accordingly, "our remaining task is focused solely upon whether the trial court properly applied the law to [the] facts [as found]." *Id.* As noted below, the trial court did not err in its legal analysis in applying the law to the facts.

Next Cooper makes an unwieldy argument that no exception to the warrant requirement existed. He queries whether he had a reasonable expectation of privacy since it was not his car, whether the arrest for DUI allowed for a search incident to arrest, and whether Sharonda implicitly consented to a search of the entire car when she reported it as stolen.

As the Commonwealth notes, "[a] person driving a stolen vehicle has no reasonable expectation of privacy entitling him to suppress anything found during a search of the stolen vehicle." *Commonwealth v. Roden*, 565 S.W.3d 635, 638 (Ky. App. 2018). *Roden* involved suppression of a lockbox and its contents seized during a warrantless search of a stolen car which the defendant was driving when stopped by police. This Court explained:

> To challenge the warrantless search of the lockbox . . .
> Roden must establish he had standing, a burden requiring
> proof of two points: "a subjective expectation of privacy
> in the object of the challenged search" and "society is
> prepared to recognize that expectation as legitimate."
> *United States v. Sangineto-Miranda*, 859 F.2d 1501,
> 1510 (6th Cir. 1988) (citations omitted). Roden did not
> testify and offered no proof.

*Id.* at 638.

In the case before us, the testimony presented at the suppression hearing was uncontroverted that the vehicle Cooper was driving at the time of his arrest was reported as stolen. Cooper did not testify and offered no proof at the suppression hearing to establish that he had standing to challenge the warrantless search of the vehicle. Thus, the trial court did not err in denying the motion to suppress.

The trial court correctly determined that the police had probable cause to search the vehicle that had been reported as stolen -- despite the fact that Sharonda later recanted that allegation. Because the existence of probable cause is dispositive of this case, we need not address Cooper's remaining arguments. *Lynn*, 257 S.W.3d at 599 (This Court may affirm trial court's decision for any reason sustainable under the record.).

We affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Emily Holt Rhorer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky