UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DEVON MICHAEL SAPPLETON,
*Defendant-Appellant.*

No. 02-4613

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DEREK LAVELLE STATEN,
*Defendant-Appellant.*

No. 02-4633

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-01-284-PJM)

Submitted: May 30, 2003

Decided: June 24, 2003

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Charles A. Murray, Naples, Florida; Harry D. McKnett, Columbia, Maryland, for Appellants. Thomas M. DiBiagio, United States Attorney, James M. Trusty, Assistant United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Devon Sappleton and Derek Staten were convicted by a jury of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and 100 kilograms or more of marijuana, 21 U.S.C. § 846 (2000); possession with intent to distribute 500 grams or more of cocaine, 21 U.S.C. 841 (2000) (Staten); and being a felon in possession of ammunition, 18 U.S.C. § 922(g) (2000) (Sappleton). Based on the drug quantities and his two prior drug trafficking convictions, Sappleton received a life sentence. Staten was sentenced to 360 months imprisonment, followed by five years of supervised release. They appeal, raising numerous challenges to their convictions and sentences.

Appellants first claim that the drug estimates attributed to them at sentencing were not based on sufficiently reliable evidence. According to the Appellants, the district court relied on estimates based on the recollection of a convicted co-conspirator, and then extrapolated those estimates to come up with a total drug quantity attributable to them at sentencing.

The district court's drug quantity determination is reviewed for clear error, *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996),

although the Government has the burden of establishing the amount by a preponderance of the evidence, *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). The Sentencing Guidelines do not demand certainty and precision; they demand that a court do the best that it can with the evidence in the record, erring on the side of caution. *Id.* Finally, a conspirator may be held accountable for all quantities of contraband attributable to the conspiracy which were reasonably fore-seeable and which were taken within the scope of the conspiratorial agreement. *United States v. Gilliam*, 987 F.2d 1009, 1012-13 (4th Cir. 1993); *U.S. Sentencing Guidelines Manual* § 1B1.3(a)(1)(B) & comment. (n.2) (2002).

Based on the trial testimony of Harry White, the district court determined that 87.5 kilograms of cocaine were attributable to the Appellants but for simplicity reduced that to 75 kilograms. This finding was based on testimony establishing approximately thirty-five trips with an average of 2.5 kilograms of cocaine per trip. Appellants cannot show that the district court's calculation was clearly erroneous. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (holding that hearsay testimony of a co-conspirator alone can provide sufficiently reliable evidence of drug quantity). Sappleton next claims that the district court improperly allowed the Government to introduce at trial evidence concerning two prior drug convictions. Fed. R. Evid. 404(b). This Court reviews a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990) (upholding admission of evidence of similar prior bank robberies).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *Queen*, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. *Queen*, 132 F.3d at 994-95; *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rule 404(b) if the evidence is: (1) relevant to an

issue other than the general character of the defendant; (2) necessary, in that it is probative of an element of the offense; and (3) reliable. Further, the probative value of the evidence must not be substantially outweighed by its prejudicial value. Fed. R. Evid. 403; *Queen*, 132 F.3d at 997. Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. *Queen*, 132 F.3d at 997. Applying these principles, we find that the district court properly admitted the evidence of Sappleton's prior drug convictions. The evidence was relevant and necessary in that it established Sappleton's knowledge, intent, and absence of mistake. Furthermore, the district court issued a limiting instruction.

Even relevant evidence of prior bad acts may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. There is no unfair prejudice under Rule 403 when the extrinsic act is no more sensational or disturbing than the crimes with which the defendant was charged. *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). Here, the evidence involved prior convictions involving the same activity charged in the present indictment. Accordingly, the district court did not abuse its discretion in finding that the evidence was not unduly prejudicial. *United States v. MacDonald*, 688 F.2d 224, 227-28 (4th Cir. 1982).

Next, Sappleton argues that the district court erred in denying his motion for severance because of the danger of prejudicial spillover of evidence relating solely to Staten. We review a district court's denial of a motion for severance for abuse of discretion. *Opper v. United States*, 348 U.S. 84, 95 (1954); *United States v. Haney*, 914 F.2d 602, 606 (4th Cir. 1990). Defendants who have been charged in the same conspiracy indictment should ordinarily be tried together. *United States v. Roberts*, 881 F.2d 95, 102 (4th Cir. 1989). The party moving for severance must establish that prejudice would result from a joint trial, Fed. R. Crim. P. 14, not merely that separate trials would result in a better chance of acquittal, *Roberts*, 881 F.2d at 102. The fact that the evidence against one defendant is stronger than the evidence against other defendants does not in itself justify severance. *United States v. Hargrove*, 647 F.2d 411, 415 (4th Cir. 1981). "If this were the case, motions to sever, which are rarely granted in conspiracy cases . . . would have to be granted almost as a matter of course."

*United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992) (internal citations omitted). Sappleton has failed to show how he was prejudiced by the district court's denial of his motion to sever: he does not identify the evidence he claims "spilled over" to him, nor is there any evidence in the record that the jury improperly considered against Sappleton evidence concerning only Staten.

Sappleton's fourth claim on appeal is that his two prior drug trafficking offenses were related offenses and, therefore, should have been counted as only one offense under 21 U.S.C. § 841(b) (providing for twenty-year minimum sentence where defendant has had one prior felony drug offense). Although prior convictions may count as a single conviction for purposes of statutory sentencing enhancements, *United States v. Blackwood*, 913 F.2d 139 (4th Cir. 1990), we find that Sappleton's prior offenses do not qualify under this limited exception.

In *United States v. Letterlough*, 63 F.3d 332, 334 (4th Cir. 1995), this court held that "convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." (quotations omitted); *see also Blackwood*, 913 F.2d at 146. In analyzing whether a defendant's convictions arose from separate and distinct criminal episodes, this court considers whether the time interval between the crimes underlying the convictions allowed the accused sufficient time to "make a conscious and knowing decision to engage in another" crime. *Letterlough*, 63 F.3d at 337. Sappleton's prior drug convictions occurred more than three years apart and were not in any way related offenses. Accordingly, they were properly counted as two felony drug offenses for sentencing purposes.

Appellants' fifth claim is that the district court admitted electronic surveillance evidence based upon documents that were "improperly executed." On four occasions in early 2001, the district court authorized the interception of communications over a digital display pager and a cellular telephone. The Appellants maintain that the Government failed to follow the procedures outlined in 18 U.S.C.A. § 2516 (West 2000 & Supp. 2003), when it applied for authorization.

Prior to submitting the application for an order authorizing the wiretap, the United States Attorney's Office for the District of Mary-

land obtained approval from the Acting Assistant Attorney General, Criminal Division. The authorization memorandum was addressed to Frederick Hess, Director of the Office of Enforcement Operations, Criminal Division, who, in turn, forwarded it to the United States Attorney's Office for the District of Maryland. The cover letter was mistakenly addressed to the former United States Attorney, Lynne Battaglia, rather the then-current United States Attorney, Stephen Schenning.

According to the Appellants, because Mr. Hess did not personally sign the cover letter and because the cover letter was addressed to the wrong United States Attorney, the authorization procedures outlined in § 2516 were not followed. In denying the motion to suppress, the district court properly noted that the cover letter was not required by statute. Moreover, the appropriate official within the Justice Department approved the application in accordance with § 2516. We find that the district court did not err in denying the motion to suppress the electronic surveillance evidence.

Sappleton's sixth argument is that his life sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We find this claim to be meritless. *Harmelin v. Michigan*, 501 U.S. 957 (1991) (upholding life sentence without parole for conviction of possession of cocaine).

Sappleton also claims that the prior convictions described in the 21 U.S.C. § 851 information should have been charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because Sappleton did not raise this issue below, we review it for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Based on the jury's findings of drug quantity, Sappleton faced a maximum penalty of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Because *Apprendi* explicitly exempts penalty enhancements based on prior convictions, there was no error.

Appellants' eighth claim is that § 841(b) is facially unconstitutional in light of *Apprendi* because Congress intended drug quantity under this provision to be a sentencing factor rather than an element of the

offense. This argument is foreclosed, however, by this Court's explicit holding in *United States v. McAllister*, 272 F.3d 228 (4th Cir. 2001) (upholding constitutionality of § 841 after *Apprendi*).

Next, Staten argues that the Government failed to present any evidence of his involvement with crack cocaine to support his conviction on Count I. At sentencing, the Government conceded that the evidence did not clearly support a finding of Staten's involvement with crack cocaine. Based on these concessions by the Government, the district court specifically excluded crack cocaine from its drug quantity calculations. Accordingly, we find that any error in denying Staten's Fed. R. Crim. P. 29 motion was harmless. *United States v. Lovern*, 293 F.3d 695, 701 (4th Cir.), *cert. denied*, 123 S.Ct. 633 (2002); Fed. R. Crim. P. 52(a).

Staten next claims that the district court improperly allowed the Government to introduce evidence of unexplained income where there was no evidence presented connecting it to any illegal activity. The Government introduced a summary chart of wire transfers to Staten, via Western Union, totaling $77,120. At the time, Staten was employed as a trash collector in Los Angeles. The evidence was properly admitted as unexplained wealth which "hugely exceeded any verifiable income." *United States v. Thomas*, 913 F.2d 1111, 1115 (4th Cir. 1990). The Government was not required to prove that the money was directly connected to the drug offenses charged. *United States v. Martinez*, 938 F.2d 1078, 1085 (10th Cir. 1991).

Finally, Staten argues that the district court abused its discretion by denying his motion for a continuance after the Government introduced the wire transfer evidence. Staten claims that, by denying his request, he was deprived of an opportunity to obtain and present evidence to prove that the money was legitimately earned. Staten's motion was made on the first day of trial and was based on the claimed need to interview witnesses whose names were known to Staten long before the trial began. In denying Staten's request, the district court noted that the evidence the Government introduced had been available to Staten's counsel for many months. Moreover, Staten did not proffer the expected testimony of any of the witnesses. *See United States v. LaRouche*, 896 F.2d 815, 823 (4th Cir. 1990) (hold-

ing that more than a general allegation of prejudice is required to establish an abuse of discretion in denying a motion for continuance).

Based on the foregoing, we affirm Sappleton's and Staten's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*