UNITED STATES of America,
Plaintiff-Appellee,

v.

Melvin Douglass PITTS,
Defendant-Appellant.

No. 77–5406.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1979.

P. Bruce Kirwan, Fed. Public Defender, John R. Martin, Atlanta, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., Jerome J. Froelich, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GOLDBERG, GODBOLD and SIMPSON, Circuit Judges.

GODBOLD, Circuit Judge:

The defendant Pitts was convicted of possession of a stolen car. He was stopped and detained under circumstances that possibly

would not pass muster under *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), and *U. S. v. Impson*, 482 F.2d 197 (5 Cir. 1973). He moved to suppress information secured as fruit of the stop and detention on the ground the information was secured in violation of the Fourth Amendment. At motion to suppress hearings the government failed to put on any evidence tending to show the reliability of information given the arresting officer by radio, first, that the license plate on the car had expired[1] and, a few minutes later, that the license number was that of a vehicle reported as stolen.

The officer initially stopped and detained defendant on a charge of driving with an expired license, relying upon the "license expired" report he had received by radio, then moments thereafter received the second radio report that the license plate on the car was that of a car reported as stolen. Immediately the officer read the VIN number of the car by looking through the windshield and reported it by radio; he received a message back that the number was that of the car reported stolen. Defendant was then arrested on the stolen car charge.

A recent decision of the Supreme Court makes it unnecessary for us to consider defendant's contentions concerning the validity of the officer's stopping and detaining him; these contentions are the basis for his argument that evidence obtained from the stop and detention, especially the VIN number of the car, was secured in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures.[2]

No doubt there will be varying opinions on the impact of *Rakas v. Illinois*, —— U.S. ——, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), upon search and seizure law. But we can conclude on the basis of *Rakas*, and without extended analysis, that a mere possessor-driver of a stolen automobile in operation on the public highway has no legitimate expectation of privacy in the VIN number observable through the windshield.

There was, therefore, no error in overruling the motion to suppress, which necessarily was predicated upon an expectation of privacy protected by the Fourth Amendment.

AFFIRMED.

---

1. Which turned out to be erroneous.

2. Also we forego discussion of whether the officer's observation of the VIN numbers could be sustained under the "plain view" cases.