946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Miguel TORRES, Defendant-Appellant.
 No. 90-5406.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1991.
Decided Oct. 22, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Frederick P. Stamp, Jr., District Judge. (CR-90-134)
 Jay T. McCamic, McCamic & McCamic, Wheeling, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Robert H. McWilliams, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Henry Miguel Torres appeals from the district court's judgment of conviction for possession of marijuana with intent to distribute, for which Torres was sentenced to eight months in prison. After reviewing the record and the parties' briefs, we affirm.
 
 I.
 
 2
 Torres was one of five occupants in a car which broke down on the interstate highway near Wheeling, West Virginia. The police officers who stopped to provide assistance noticed that the owner and driver of the car, Derek Hoston, was using a cellular phone as they drove up. The occupants of the automobile gave the officers conflicting reports about where they were travelling from and also used different names in conversing with each other than those names given to the officers. The officers noted that Torres was wearing expensive jewelry. The occupants first stated that they wanted their car towed to Columbus, Ohio, but on learning that the towing fees for such a trip would exceed $200, they decided to have the car towed locally, as they had only $25 among them.
 
 
 3
 The officers' observations made them suspicious. Upon reaching the service station, they asked Hoston's permission to search the car for drugs; permission was granted. During the ensuing search the officers discovered a package of crack cocaine concealed within several other bags, all of which were contained inside a blue plastic bag which Torres admitted did not belong to him. The search was temporarily halted after discovery of the crack cocaine and all the occupants arrested. The officers then obtained a search warrant for the car as well as Hoston's written consent to further search and continued looking for contraband. During this second search they discovered marijuana inside a container belonging to Torres.
 
 
 4
 Torres was indicted for one count of possessing crack cocaine with intent to distribute and one count of possessing marijuana with intent to distribute. His motions to suppress evidence and to dismiss were denied. After a jury trial, the crack cocaine charge was dismissed for lack of evidence establishing constructive possession, but Torres was convicted and sentenced on the marijuana charge.
 
 II.
 
 5
 Torres asserts on appeal that the initial search during which crack cocaine was discovered was invalid. He then argues that the later search of the bag containing marijuana was invalid, because the search warrant pursuant to which the search was conducted was based on the initial illegal search.
 
 
 6
 Torres overlooks one crucial fact: the bag containing the crack cocaine and the car in which the bag was found did not belong to him. He therefore had no privacy interest in the bag or the car and lacks standing to challenge the initial search. See, e.g., United States v. Manbeck, 744 F.2d 360 (4th Cir.1984), cert. denied, 469 U.S. 1217 (1985); United States v. Hargrove, 647 F.2d 411 (4th Cir.1981).
 
 
 7
 Even if Torres could challenge the first search, his argument would be meritless because, on this record, the district court's finding that Hoston's consent was voluntarily given is not clearly erroneous. See United States v. Wilson, 895 F.2d 168 (4th Cir.1990).
 
 
 8
 Because Torres cannot argue that the initial search was invalid, his argument challenging the validity of the second search unravels. Furthermore, the second search would likely pass constitutional muster even without the warrant in light of the Supreme Court's recent decision holding that officers may conduct a warrantless search of containers found within an automobile where they have probable cause to believe that the containers hold contraband. California v. Acevedo, 59 U.S.L.W. 4559 (U.S.1991).
 
 
 9
 Torres's arguments are without merit. The evidence obtained during the challenged searches was properly admitted. We therefore affirm the district court's judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.