COURT OF APPEALS OF VIRGINIA

Present:   Judges Bumgardner, Felton and Haley
Argued at Richmond, Virginia


JAMES A. FARROW

                                              MEMORANDUM OPINION* BY
v.        Record No. 1811-04-2                JUDGE RUDOLPH BUMGARDNER, III
                                                      JUNE 28, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF NEW KENT COUNTY
                            Thomas B. Hoover, Judge

           Horace F. Hunter for appellant.

           Kathleen B. Martin, Assistant Attorney General (Judith Williams
           Jagdmann, Attorney General, on brief), for appellee.


       James A. Farrow appeals his convictions of three counts of grand larceny. He contends

evidence was seized illegally during a search at his girlfriend's residence. Concluding the

defendant had no legitimate expectation of privacy in the premises searched or the property

seized, we affirm.

       On appeal of the denial of a motion to suppress, we view the evidence in the light most

favorable to the Commonwealth. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407

S.E.2d 47, 48 (1991). Sheriff's deputies were dispatched to a domestic disturbance at Nicole

Hathaway's residence around 1:15 a.m. En route, they learned the parties had left the residence

in separate vehicles. A deputy stopped the defendant's vehicle on the highway, and Hathaway

parked nearby.

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The defendant explained that he had an argument with Hathaway and was leaving the area. The two had lived together in her house off and on for about a year and had one child. Hathaway did not want the defendant to return to her residence. She owned the vehicle that the defendant was driving, and he did not have her permission to drive it.

The defendant told the deputies that he wanted to retrieve his personal property, which included his clothes and three motorcycles, from Hathaway's residence. Sergeant S.G. Long, Sr. suggested that they return to the residence and collect the defendant's property, then he could leave on one of his motorcycles. The defendant rode in one of the deputy sheriff's cars, remained in it, and never went on Hathaway's property.

The deputies and Hathaway began gathering and identifying the defendant's property that remained at her residence. Sgt. Long obtained the vehicle identification number from a motorcycle that Hathaway said belonged to the defendant. He transmitted it to the sheriff's office and learned that the motorcycle was stolen. He then checked the identification of two other motorcycles on the property and found they were also stolen.

The trial court found the deputy was lawfully present with Hathaway's "clear permission" to retrieve the defendant's personal belongings, including one of his three motorcycles.[1] It ruled the defendant did not have standing to object to the search and denied the defendant's motion to suppress. The defendant contends that the deputies conducted an unlawful search when they obtained the vehicle identification number and used it to verify ownership.

In order to assert a violation of the Fourth Amendment, a defendant must show he had a legitimate expectation of privacy and took precautions to protect that privacy. See Minnesota v. Carter, 525 U.S. 83, 88 (1998); Rakas v. Illinois, 439 U.S. 128, 143 (1978); Katz v. United

---

[1] At trial, Hathaway testified she did not want anyone at her home, denied giving the police permission to search the motorcycles, and wanted the charges dropped. The trial court rejected her trial testimony.

States, 389 U.S. 347, 353 (1967).  The defendant had no expectation of privacy at Hathaway's residence.  She had revoked his permission to come on the property.  While the defendant may previously have had an expectation of privacy in the property, Hathaway owned it and "could properly revoke the defendant's permission to be on the property."  McCracken v. Commonwealth, 39 Va. App. 254, 260, 572 S.E.2d 493, 496 (2002) (*en banc*).  She gave permission for the deputies to come on the property to identify and get the defendant's property and motorcycles.  She never revoked or limited this consent.  See Lawrence v. Commonwealth, 17 Va. App. 140, 146, 435 S.E.2d 591, 594-95 (1993), aff'd, 247 Va. 339, 443 S.E.2d 160 (1994).

In addition, the motorcycles left at Hathaway's residence were stolen, and the defendant had no expectation of privacy in them.  "A defendant cannot assert a legitimate expectation of privacy in stolen property."  Shearer v. Commonwealth, 9 Va. App. 394, 404, 388 S.E.2d 828, 833 (1990) (when police lawfully search drawer and inadvertently find stolen metal box with car keys inside, defendant had no standing to challenge search).  In Josephs v. Commonwealth, 10 Va. App. 87, 98, 390 S.E.2d 491, 497 (1990) (*en banc*), this Court held the defendant lacked standing to assert a violation of his Fourth Amendment rights because he had no reasonable expectation of privacy in the stolen car the police searched.  See also Rakas, 439 U.S. at 143; United States v. Hargrove, 647 F.2d 411, 413 (4th Cir. 1981); Shaver v. Commonwealth, 30 Va. App. 789, 798, 520 S.E.2d 393, 398 (1999) (no expectation of privacy in stolen all-terrain vehicle).  See generally Ronald J. Bacigal, Criminal Procedure § 4.3, at 80 (2004); John L. Costello, Virginia Law and Procedure § 40.2 (3d ed. 2002).

The defendant had no expectation of privacy in the premises searched or the property seized.  Accordingly, we affirm.

Affirmed.