STATE of Wisconsin, Plaintiff-Appellant,

v.

David Allen BRUSKI, Defendant-Respondent.†

Court of Appeals

*No. 2005AP1516–CR. Submitted on briefs January 9, 2006.
—Decided February 7, 2006.*

2006 WI App 53

(Also reported in 711 N.W.2d 679.)

† Petition to review granted 4-10-06.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Peggy A. Lautenschlager*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Margaret A. Maroney*, Assistant State Public Defender, Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. The State appeals an order granting David Allen Bruski's motion to suppress physical evidence and an order denying its motion for reconsideration. We agree with the State that Bruski lacked standing to assert a Fourth Amendment claim and we reverse.

## Background

¶ 2. The City of Superior Police Department responded to a suspicious person and vehicle complaint during the morning of March 3, 2005. At about 8 a.m., officer James Olson made contact with a passed-out Bruski, the vehicle's occupant. The car was parked behind a building on John Street. Olson had to repeatedly shake Bruski to wake him. Olson reported Bruski then continued to "nod off" and had difficulty answering his questions. Bruski said he was waiting for a friend, and that he had no idea how he had gotten to that location.

¶ 3. Olson identified the vehicle and discovered it was registered to Margaret Smith. The police department's communications center contacted Smith and advised her of her vehicle's status. Smith informed the center that her daughter Jessica was supposed to have the car and might have let a friend drive it.

¶ 4. Smith contacted the police at about 10:20 a.m. and indicated she was concerned about her daughter and her car. She asked if an officer would escort her

707

to recover the vehicle. Olson met her at the station, then took her to the John Street location where Bruski and the vehicle were still parked. Olson had Bruski step out of the car. Smith said she had never met nor seen Bruski before and that her daughter had never mentioned his name.

¶ 5. Olson informed Bruski that Olson and officer Gerald Beauchamp were there to help Smith recover her car. Olson asked Bruski if he had the keys, but Bruski claimed he did not. Bruski later indicated he knew Smith's daughter but could only give her first name.

¶ 6. When Bruski stated he had no keys, Beauchamp told Smith he would look for them in the car. At no point did Smith or Bruski object to Beauchamp's search of the vehicle. Beauchamp encountered a hard "makeup travel case" on the floor of the front passenger seat. Smith later stated that it was not hers. Opening it, Beauchamp discovered drug paraphernalia and what appeared to be marijuana. Olson arrested Bruski, then searched him, discovering methamphetamine and the car keys.

¶ 7. Bruski was charged with possession of methamphetamine, drug paraphernalia, and THC. He filed a motion to suppress the evidence, arguing police had searched his closed container without probable cause or a warrant. He argued he had a reasonable expectation of privacy in his personal effects and in the vehicle because he had possession of it at the time.

¶ 8. The State responded that Bruski had no reasonable expectation of privacy because he was in someone else's vehicle and, accordingly, he had no standing to raise a Fourth Amendment challenge. The State also argued that Smith had at least given implied consent to search the car's interior.

¶ 9. The court determined Smith did not give consent to search the interior, nor had anyone given consent to search the travel case. Regarding standing, the court held Bruski

> had a reasonable right of privacy with respect to his personal belongings inside the vehicle, including his travel bag [or case] located on the floor of the front seat. The evidence shows that defendant did not give consent for the bag to be searched nor did the officers request such consent or even inquire as to whether the bag belonged to him or the vehicle owner before searching it. Under these circumstances, the defendant retained his Fourth amendment rights regarding his personal possessions, including his travel bag, and he was still entitled to a reasonable expectation of privacy with respect to the same.

¶ 10. For the reasons that follow, we conclude the court made a legal error. Bruski has no standing to raise a Fourth Amendment challenge.[1]

## Discussion

██

¶ 11. We use a two-step standard of review for constitutional search and seizure inquiries. *State v. Matejka*, 2001 WI 5, ¶ 16, 241 Wis. 2d 52, 621 N.W.2d 891. In reviewing a motion to suppress, we will uphold the circuit court's findings of evidentiary or historical facts unless clearly erroneous, but we evaluate those facts against the constitutional standard de novo. *Id.*

---

[1] Accordingly, we do not reach the question whether Smith implicitly consented to the search of her vehicle's interior. *See Gross v. Hoffman*, 224 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

¶ 12. When we assess a defendant's standing to challenge a search under the Fourth Amendment, "the critical inquiry is 'whether the person . . . has a legitimate expectation of privacy in the invaded place.' " *State v. Trecroci*, 2001 WI App 126, ¶ 26, 246 Wis. 2d 261, 630 N.W.2d 555 (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).

¶ 13. The defendant has the burden of establishing a reasonable expectation of privacy by a preponderance of evidence. *Trecroci*, 246 Wis. 2d 261, ¶ 35. Whether a person has a reasonable expectation of privacy depends on two things: whether the individual has exhibited an actual, subjective expectation of privacy in the area inspected and in the item seized, and whether society will recognize such an expectation of privacy as reasonable. *Id.*

¶ 14. The second prong is, however, an objective test, that relies on six factors:

1. Whether the person had a property interest in the premises;

2. Whether the person was legitimately on the premises;

3. Whether the person had complete dominion and control and the right to exclude others;

4. Whether the person took precautions customarily taken by those seeking privacy;

5. Whether the person put the property to some private use; and

6. Whether the claim of privacy is consistent with historical notions of privacy.

*Id.*, ¶ 36 (citation omitted).

¶ 15. Bruski has failed to show that he had an objectively reasonable expectation of privacy in the car. The evidence only shows that he was found in a vehicle he did not own. He offered no evidence as to why he was in the vehicle, or that he had authorization to be in the vehicle. Bruski could not even fully identify the person from whom he had allegedly obtained the vehicle, and he certainly did not have the registered owner's permission to use the car. *See United States v. Sanchez*, 943 F.2d 110, 113–14 (1st Cir. 1991).

¶ 16. Indeed, Bruski offers no evidence under the *Trecroci* factors to show he had any objective expectation of privacy in the vehicle. The closest argument he makes is that he was taking "precautions customarily taken by those seeking privacy" because he was parked off the street and behind a building. This argument rings hollow, because if Bruski could not recall how he arrived on John Street, it is unlikely he would recall why he parked there. He also contends he demonstrated a subjective expectation of privacy because the case was placed on the floor, not the seat, and the case was not transparent. This argument is undermined by Bruski's failure to object or attempt to prevent Beauchamp from searching the vehicle after the officer stated he was going to look for the keys. *Cf. Matejka*, 241 Wis. 2d 52, ¶ 37 (defendant, aware police were about to search car's interior where she left her jacket containing marijuana, did not protest search). In any event, Bruski's subjective expectations are only part of the equation. Ultimately, he simply fails to carry his burden of proof.

¶ 17. Bruski also fails to show any reasonable expectation of privacy in his travel case. While both he and the trial court stressed his ownership of the case,

this is insufficient given that the case was inside the car. The United States Supreme Court has "emphatically rejected the notion that 'arcane' concepts of property law" govern Fourth Amendment claims. *Rawlings v. Kentucky*, 448 U.S. 98, 105 (1980). That is, possession alone will not confer standing. *State v. Curbello-Rodriguez*, 119 Wis. 2d 414, 424–25, 351 N.W.2d 758 (Ct. App. 1984).

¶ 18. "Whether a person has an expectation of privacy in a container that is searched is not determined by his subjective beliefs." *United States v. Hargrove*, 647 F.2d 411, 412 (4th Cir. 1981). The expectation must be objectively reasonable. *Id.* "A person who cannot assert a legitimate claim to a vehicle cannot reasonably expect that the vehicle is a private repository for his personal effects, whether or not they are enclosed in some sort of a container . . . ." *Id.* (citing *Rakas*, 439 U.S. at 151–52). "To hold otherwise would mean that the automobile . . . was somehow transformed into a place of sanctuary . . . free from the eyes of the law. We find it impossible to accept this proposition." *People v. Henenberg*, 302 N.E.2d 27, 31 (Ill. 1973). Cases describing the kind of interest that will afford standing to challenge the legality of a search in terms of a possessory interest in the seized goods do not involve property unlawfully or illegally placed upon premises belonging to another. *Id.*

¶ 19. Bruski cannot show any reasonable expectation of privacy in the vehicle because he neither owned it nor has he shown he had permission to use it. Without a reasonable expectation of privacy in the vehicle, he has no expectation of privacy relative to his travel case as a matter of law, even though he owned the case. Accordingly, Bruski has no standing to raise a Fourth Amend-

712

ment challenge to the search of the case and the seizure of evidence discovered therein.

*By the Court.*—Orders reversed.