FILED: January 14, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4487
(CR-03-141)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUANTAS LEE HOWARD,

Defendant - Appellant.

O R D E R

Upon consideration of the submissions filed relative to the motion to amend the opinion, the Court grants the motion. The opinion filed March 28, 2005, is modified by replacing the name of the driver of the vehicle mentioned in the opinion with her initials.

For the Court – By Direction

/s/ Patricia S. Connor

Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

No. 04-4487

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUANTAS LEE HOWARD,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge.  (CR-03-141)

—————————

Submitted:  February 18, 2005          Decided:  March 28, 2005

—————————

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Gary L. Lumsden, Rhonda Lee Overstreet, LUMSDEN, OVERSTREET & HANSEN, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

Quantas Lee Howard appeals the denial of a motion to suppress evidence obtained in a search of a vehicle in which he was a passenger. Finding no error, we affirm.

I.

On September 19, 2003, government agents and local police were conducting an interdiction operation at the Roanoke City bus terminal. During this operation, officers observed a car driven by J.Y., in which Howard was a passenger, enter the parking area of the bus terminal. The car pulled alongside a red minivan while the occupants of both cars engaged in conversation. One individual gestured toward the police and then both cars prepared to leave. At this time, an individual, later identified as Shawn Collins, was seen exiting the van and walking away from the bus terminal with his luggage. The officers thought this behavior was suspicious so they pursued him and eventually found a concealed weapon in Collins's possession. Howard, who was also observed exiting J.Y.'s car and walking away from the station, approached the area of Collins's detention. Howard stood next to a plain clothes officer, Agent Bonaventura, and appeared interested in Collins's detention and nervous. Howard admitted to Bonaventura that he and Collins

were friends. When Collins's weapon was discovered, Howard expressed surprise, stating "Oh, damn!," and then began walking away.

At this time, Bonaventura identified himself as a DEA agent and asked to speak with Howard. Howard denied having any identification and reported his name to be "Gregory Omar Thomas." He then produced a school transcript bearing that same name. However, the social security number Howard told police did not match the number listed on the transcript.[*] Both Bonaventura and another officer reported that Howard appeared nervous and had a change in breathing rate while talking to the officers. Bonaventura concluded that Howard was trying to conceal his identity and proceeded to pat him down for weapons. Bonaventura felt a hard object in Howard's front pants pocket. The item turned out to be a marijuana pipe. At this point, Bonaventura turned Howard over to the local police, who transported him to

_____

[*]Howard further asserts that the Government's evidence regarding the identifying information Howard allegedly gave to police and how it appeared suspicious is in conflict. He appears to be attacking the credibility of the officers for giving conflicting testimony. However, the court specifically stated that its determination of reasonable suspicion was based on Bonaventura's testimony. A review of the testimony offered at the suppression hearing does not support a conclusion that the district court's credibility finding was clearly erroneous.

the police station.  While at the station, the police determined Howard's actual identity and that he was a convicted felon wanted on state probation violation warrants.

While agents were dealing with Howard, ATF Agent Whorley observed J.Y.'s car parked across the street from the bus terminal. He approached J.Y. and asked for permission to search her car.  J.Y. consented.  When Whorley asked about the luggage and book bag in the back seat, J.Y. indicated that the items belonged to Howard. Whorley then proceeded to search the book bag and found a handgun and notebook inside.  The notebook contained Howard's actual name.

Howard was subsequently indicted for one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000).  Howard moved unsuccessfully to suppress the gun both on the grounds that police lacked reasonable suspicion to stop Howard originally and that the search of his book bag was unconstitutional.  The court ruled that Howard was properly seized and searched because Bonaventura had articulable reasonable suspicion to believe that Howard was involved in criminal activity. The court further held that Howard did not have a reasonable expectation of privacy in his book bag, which was left in J.Y.'s car, and therefore had no standing to

challenge the search.  Following the denial of his motion to suppress, Howard entered a conditional plea of guilty to possession of a firearm by a felon and was sentenced to forty-six months incarceration.

## II.

Howard first argues that the district court erred in ruling that his initial detention by Bonaventura was constitutionally permissible.  We disagree.

A police officer may stop and briefly detain a person for investigative purposes provided that there is reasonable suspicion, based on articulable facts and in light of his experience, that criminal activity may be afoot.  Terry v. Ohio, 392 U.S. 1, 30 (1968).  In reviewing rulings on suppression motions, we review fact findings, including credibility determinations, for clear error and the application of the law to those facts de novo.  See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Simons, 206 F.3d 392, 398 (4th Cir. 2000).

In challenging the determination of the district court that there was reasonable suspicion, Howard argues that his behavior prior to his detention was insufficient to create a reasonable suspicion of criminal activity.  Various officers

testified that the following behaviors were suspicious: (1) driving into a bus terminal and exiting quickly once uniformed police were spotted; (2) nervous concern for Collins; (3) Howard's exclamation when the police found Collins's gun; (4) walking away from the bus station at which he had just arrived; and (5) Howard's inability to confirm elements of his own identity. The district court found these facts to be true based on the credibility of Bonaventura. It is the role of the fact finder to observe witnesses and weigh their credibility during a pretrial motion to suppress, and this court accords great deference to those findings. United States v. Murray, 65 F.3d 1161, 1169 (4th Cir. 1995). A thorough review of the testimony offered at the suppression hearing does not support a conclusion that the district court's credibility finding was clearly erroneous. Furthermore, we find that the behavior described in these circumstances is sufficient to meet the reasonable suspicion standard. Accordingly, we find that Howard's initial seizure and search were proper.

### III.

Howard next contends that the search of his book bag, located in J.Y.'s car, was unconstitutional because he had a reasonable expectation of privacy in his belongings. We

disagree.  The privacy interest that must be established to support standing is an interest in the area searched, not just an interest in the items found.  United States v. Manbeck, 744 F.2d 360, 374 (4th Cir. 1984).  Ownership of the seized items is by itself insufficient to confer a privacy interest in the area searched.  Id.

In challenging the determination of the district court that there was no privacy interest, Howard relies on this court's holdings in United States v. Rusher, 966 F.2d 868 (4th Cir. 1992) and United States v. Block, 590 F.2d 535 (4th Cir. 1978).  Howard asserts that under Rusher, an individual can have a reasonable expectation of privacy in goods found in a vehicle if he asserts a right of ownership to those goods.  However, in Rusher, only the driver, who presumably had legitimate possession of the vehicle, was found to have a privacy interest in the goods found in the vehicle.  Id. at 877.  We held that the passengers in the vehicle did not have a reasonable expectation of privacy in the vehicle or its contents.  Id.  Furthermore, an ownership or possessory interest in seized goods is not dispositive as to whether there is a reasonable expectation of privacy.  Id.  The privacy interest that must be established to support standing is an interest in the area searched, not just

an interest in the items found. Manbeck, 744 F.2d at 374. This court has held that a "person who cannot assert a legitimate claim to a vehicle cannot reasonably expect that the vehicle is a private repository for his personal effects, whether or not they are enclosed in some sort of a container . . . ." United States v. Hargrove, 647 F.2d 411, 412 (4th Cir. 1981). We find that Howard, as a passenger in J.Y.'s car, cannot assert a legitimate claim to the vehicle. Therefore, we find that Howard did not have a reasonable expectation of privacy in his belongings left behind in J.Y.'s car. Accordingly, the search and seizure was proper.

IV.

In sum, we affirm the district court order denying suppression of the evidence recovered because (1) Howard's initial detention was permissible; and (2) Howard lacks standing to challenge the search of goods found in J.Y.'s car. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED