**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4492**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

AWAL MOHAMMED,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:12-cr-00005-JKB-2)

Submitted:  April 29, 2014            Decided:  May 22, 2014

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barbara E. Kittay, BARBARA E. KITTAY, ESQUIRE, Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Kenneth S. Clark, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Awal Mohammed appeals the criminal judgment entered following his conviction by a jury of possession with intent to distribute 100 grams or more of heroin and conspiracy to distribute and possess with intent to distribute a kilogram of heroin. On appeal, Mohammed challenges only the district court's denial of his pretrial motions to suppress both heroin seized during a traffic stop of a vehicle in which he was a passenger and statements he made during a custodial interrogation subsequent to his arrest at that stop. For the reasons that follow, we affirm.

When considering a district court's ruling on a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, __ S. Ct. __, 2014 WL 713333 (U.S. Mar. 24, 2014) (No. 13-8810). Where the district court denied the suppression motion, we construe the evidence in the light most favorable to the Government. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013). We defer to the district court's credibility findings. United States v. Griffin, 589 F.3d 148, 150-51 n.1 (4th Cir. 2009).

Mohammed challenges both the stop of the vehicle and its subsequent search as violative of the Fourth Amendment. As

a passenger in a stolen vehicle, Mohammed lacks standing to challenge the search of the vehicle. United States v. Carter, 300 F.3d 415, 421 (4th Cir. 2002); United States v. Hargrove, 647 F.2d 411, 412 (4th Cir. 1981). Thus, we decline to review Mohammed's challenges to the validity of the canine alert that precipitated the vehicle search. However, Mohammed does have standing to challenge the stop and his resulting seizure. United States v. Rusher, 966 F.2d 868, 874 (4th Cir. 1992).

We evaluate the legality of a traffic stop under the Fourth Amendment by applying the two-prong test in Terry v. Ohio, 392 U.S. 1 (1968). United States v. Green, 740 F.3d 275, 279 (4th Cir. 2014). Under this test, we consider (1) "whether the police officer's action was justified at its inception," and (2) "whether [his] subsequent actions were reasonably related in scope to the circumstances that justified the stop." United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011).

Reviewing the record under this standard, we conclude the district court properly denied the suppression motions. The district court found credible testimony that the driver of the vehicle committed a traffic violation by following the vehicle in front of him too closely, in violation of Maryland law. Md. Code Ann., Transp. § 21-310(a) (2009). We may not second-guess the district court's credibility determinations, see Griffin, 589 F.3d at 150-51 n.1, and Mohammed fails to demonstrate that

3

this finding is clearly erroneous. "Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008). Although Mohammed asserts that the traffic violation was a pretext used to justify a search of the vehicle, even a pretextual stop is permissible if, as here, the officer had an objectively valid basis for the stop. United States v. Kellam, 568 F.3d 125, 136 (4th Cir. 2009). Thus, the stop was justified at its inception.

To satisfy Terry's second prong, the traffic stop must be reasonable in both scope and duration. Florida v. Royer, 460 U.S. 491, 500 (1983). A traffic stop is appropriately limited in scope if "the investigative methods employed [are] the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." Digiovanni, 650 F.3d at 507 (internal quotation marks omitted). Its duration is reasonable if "the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." Id. (internal quotation marks omitted).

A routine traffic stop involves requesting license and registration, running a computer check, and issuing a citation.

4

<u>Green</u>, 740 F.3d at 280. "An officer may also conduct an exterior dog sniff of the vehicle, as long as it is 'performed within the time reasonably required to issue a traffic citation.'" <u>Id.</u> (quoting <u>Branch</u>, 537 F.3d at 335). The officer may question both the driver and passengers regarding matters unrelated to the traffic stop, as long as "the unrelated questioning does not extend the encounter beyond the period reasonably necessary to effectuate the purposes of the lawful detention." <u>United States v. Mason</u>, 628 F.3d 123, 131 (4th Cir. 2010). Thus, where "the entire time before the search was occupied with traffic stop procedures," the stop does "not constitute an unlawful seizure in violation of the Fourth Amendment." <u>United States v. Jeffus</u>, 22 F.3d 554, 557 (4th Cir. 1994). Where the extension of a traffic stop is more than de minimus, the officer must have either the driver's consent or a reasonable suspicion, supported by specific and articulable facts, that illegal activity is afoot. <u>Branch</u>, 537 F.3d at 336.

While Mohammed invokes <u>Digiovanni</u> to argue that his traffic stop was both unjustified and impermissibly broad, we find this case readily distinguishable. Our review of the record confirms that the traffic stop at issue here was not unreasonable in scope or duration. Rather, the arresting officer diligently pursued the purpose of the stop until the canine alert indicated the presence of drugs in the vehicle.

Any limited questioning outside the scope of the traffic stop produced only a de minimus delay that does not run afoul of the Fourth Amendment. See Mason, 628 F.3d at 130-33 (concluding that additional questioning for less than two and a half minutes about itinerary and vehicle ownership, plus one minute of questioning to passenger, were not unreasonable extension of traffic stop). The dog's positive alert, in turn, provided probable cause for the search of the vehicle. Id. at 130.

Finally, Mohammed addresses the substance of his continued detention after the discovery of heroin in the vehicle — either as an extended investigatory detention or as an arrest based on probable cause — only in his reply brief. He did not fairly raise this issue in his opening brief, and it is not properly before us. See United States v. Brooks, 524 F.3d 549, 556 & n.11 (4th Cir. 2008) (deeming claim raised for first time in reply brief abandoned). Because Mohammed fails to demonstrate that the district court erred in concluding that the stop and search were unlawful, his argument that the statements and drugs should have been suppressed as fruits of the poisonous tree also necessarily fails.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED