**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4424**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAVIT G. GHAZARYAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:15-cr-00155-REP-2)

Submitted: March 27, 2017                    Decided: April 18, 2017

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Mary E. Maguire, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davit G. Ghazaryan appeals from the criminal judgment entered following his convictions for conspiracy to commit bank fraud, bank fraud, aggravated identity theft, and access device fraud. On appeal, Ghazaryan challenges the district court's denial of his pretrial motions to suppress evidence of fraudulent activity discovered on his person and in the van he occupied when engaged by police. We affirm.

"In reviewing a district court's ruling on a motion to suppress, [we] review conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (alterations and internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (alterations and internal quotation marks omitted). When the district court denies a defendant's motion to suppress, "we construe the evidence in the light most favorable to the government." *Clarke*, 842 F.3d at 293 (internal quotation marks omitted).

Ghazaryan first contests the district court's conclusion that he had only "limited standing" to challenge the search of the van based on the district court's finding that Ghazaryan did not have the owner's permission to use the van. While an individual using a vehicle with the owner's permission has a reasonable expectation of privacy in the vehicle, *United States v. Rusher*, 966 F.2d 868, 874 (4th Cir. 1992), an occupant of a stolen vehicle cannot claim a legitimate expectation of privacy in either the vehicle or

2

containers found in that vehicle, *United States v. Hargrove*, 647 F.2d 411, 412 (4th Cir. 1981). A non-owner driver may be presumed to have permission to use the vehicle unless there is evidence "tending to show that he was illegitimately in possession of [the vehicle]." *Rusher*, 966 F.2d at 874.

We conclude that the district court properly found that Ghazaryan was illegitimately in possession of the van based on the evidence introduced by the Government and Ghazaryan's failure to rebut that evidence. *See United States v. Dickerson*, 655 F.2d 559, 561 (4th Cir. 1981). Therefore, Ghazaryan lacked a reasonable expectation of privacy in the van and its contents, including the plastic bag discovered behind the van's passenger's seat. *See United States v. Wellons*, 32 F.3d 117, 119 (4th Cir. 1994); *Hargrove*, 647 F.2d at 412. However, Ghazaryan retains standing to challenge the legality of the investigative stop and of his arrest. *See Rusher*, 966 F.2d at 875.

Ghazaryan argues that the police did not have reasonable suspicion to justify his detention. "Although brief encounters between police and citizens require no objective justification, a brief investigatory stop is impermissible unless the officer's action is supported by a reasonable and articulable suspicion that criminal activity may be afoot." *United States v. Foster*, 824 F.3d 84, 88 (4th Cir. 2016) (alterations, citations, and internal quotation marks omitted). If a person is seized within the meaning of the Fourth Amendment, then we consider whether the seizure is supported by reasonable suspicion under the totality of the circumstances. *Id.* at 89. "Seemingly innocent factors, when viewed together, can amount to reasonable suspicion." *Id.* However, we have cautioned

3

the government not "to spin largely mundane acts into a web of deception." *Id.* (alterations and internal quotation marks omitted).

We conclude that reasonable suspicion existed to detain Ghazaryan and investigate whether he was engaged in criminal activity. The responding officer received a tip of seemingly suspicious activity at banks in a county where officers were aware of recent credit card fraud. The tip provided a detailed description of the van used by the suspect individuals and of the van's location. Furthermore, the officer believed that the tip was based on the personal observations of a security officer at one of the banks, which added to the reliability of the tip. *See United States v. Torres*, 534 F.3d 207, 213 (3d Cir. 2008) (distinguishing between anonymous tip and tip from identifiable person); *United States v. Elston*, 479 F.3d 314, 318 (4th Cir. 2007) (listing factors indicating reliability of tip). The responding officer observed a van with a matching license plate near the banks identified by the informant and, upon approaching the van, viewed two men who matched a general description provided by the informant. Based on the corroboration of the tip, the officer reasonably could believe that Ghazaryan's answers to the officer's initial inquiries, such as whether Ghazaryan had recently visited any banks and why Ghazaryan was in the area, were untruthful. Under the totality of the circumstances, we conclude that the officer had reasonable suspicion that criminal activity was afoot. *See United States v. Lee*, 317 F.3d 26, 30-31 (1st Cir. 2003) (holding officer had reasonable suspicion to stop defendant under similar circumstances).

Assuming that the stop was justified at its inception, Ghazaryan argues that the stop evolved into an arrest without probable cause based on the responding officer's

4

"protracted investigation."  The scope of an investigatory stop "must not exceed the least intrusive means reasonably available to verify or dispel the officer's suspicion," and the duration of the stop "must be reasonable in light of its purpose."  *United States v. White*, 836 F.3d 437, 441 (4th Cir. 2016) (internal quotation marks omitted).  We agree with the district court that the officer diligently pursued an investigation related to the objective of the stop, and therefore, Ghazaryan's detention did not transform into an unlawful arrest. The officer's reasonable investigation was interrupted when another officer discovered a plastic bag of cut-up credit cards and shredded papers in the van, which established probable cause to arrest Ghazaryan.

Finally, Ghazaryan contends that the seizure of the plastic bag from the van during the stop was unconstitutional.  We reiterate that Ghazaryan lacks standing to challenge the search of the van and the seizure of the plastic bag.  *See Hargrove*, 647 F.2d at 412. Further, we conclude that the seizure of the bag was constitutional under the plain view doctrine.  *See United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012) (describing plain view exception).  The officer was permitted to open the van's sliding door for safety reasons, *see United States v. Stanfield*, 109 F.3d 976, 978, 984 (4th Cir. 1997), and once the door was opened, he observed the bag containing several cut-up credit cards, which he had probable cause to believe were evidence of a crime.  *See United States v. Rodriguez*, 601 F.3d 402, 407 (5th Cir. 2010) (recognizing that probable cause standard applies to immediately apparent element of plain view exception).  Therefore, the officer appropriately seized the bag.

5

Accordingly, we conclude that the district court properly denied Ghazaryan's motions to suppress and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*